### ROSLYN S. FINSTON v. ALBERT FINSTON

37 So. (2nd) 423
November 12, 1948

June Term, 1948
Special Division B

*Leonard G. Egert* and *Loftin, Anderson, Scott, McCarthy & Preston,* for petitioner.

*Patton & Kanner,* for respondent.

TERRELL, J.:

In a suit brought for that purpose the parties to this cause were divorced and property rights at issue between them were adjudicated March 30, 1948. Finston v. Finston, 34 So. (2nd) 745, not yet reported in Florida Reports.

In August 1948, respondent filed a petition for supplementary final decree in the same cause, wherein he seeks to require petitioner to release her rights as beneficiary in certain insurance policies upon respondent's life, to execute a waiver of her right in a tax refund of approximately $8000.00 which the United States Government has credited to her, and further require her to account for the disposition of certain personal property, household furnishings and books which had been in storage for several years. A motion to dismiss the petition on the ground of res adjudicata was overruled. That order is here for review under Rule 34 of the Rules of this Court.

The primary point for determination is whether or not the property rights which respondent seeks to bring in issue in this case were adjudicated in Finston v. Finston, 34 So. (2nd) 745, 160 Fla. 343.

We think this question requires an affirmative answer. The rule seems well settled that a final decree in a equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights. Knabb v. Duner, et al., 143 Fla. 92, 196 So. 456; Town of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279; Zellner v. Zellner, 155 Kan. 530, 127 P. (2nd) 428. See also Section 63.35, Florida Statutes 1941, requiring counter-claims to be set up in the original suit. It further appears from the pleadings in the main suit that the property rights in question were before the Court when the final decree was entered and were adjudicated, so the doctrine of res adjudicata was a proper defense to raise here and should have been permitted.

Respondent contends that since the Circuit Court retained jurisdiction of the cause "for the purpose of making such further orders herein as may be found necessary to carry out the purposes and objects of the decree," he purposely reserved jurisdiction to adjudicate property and other rights that may arise in connection with the case.

The only effect of reserving jurisdiction in this manner is to promulgate such orders as are necessary to effectuate the judgment but this does not make it any less a final judgment. The application of any other principle would mean that there would be no end to litigation. Our statute Section 63.35, Florida Statutes 1941, relating to compulsory counter-claims in equity contemplates the course that was pursued in the main case.

Respondent also contends that petitioner confuses the rule of res adjudicata with the doctrine of "law of the case." The doctrine, law of the case, may be invoked by either party as to such questions as were actually considered and decided on the first appeal, while the doctrine res adjudicata means that the judgment of a court of competent jurisdiction directly rendered upon a particular issue, is conclusive as to the parties and the issue decided in the same or any other controversy.

938

Inspection of these doctrines discloses that "law of the case" is a limited application of the doctrine of res adjudicata. Some of the courts so hold but we think the question here was ruled by res adjudicata. It follows that the trial court was in error in overruling the motion to dismiss.

The application of petitioner to require respondent to provide her with attorney's fees has been considered but it seems that this application should be denied on authority of Vinson v. Vinson, 139 Fla. 146, 190 So. 454.

The petition for certiorari is granted and the judgment appealed from is quashed.

It is so ordered.

THOMAS, C. J., BARNS and HOBSON, JJ., concur.