Suit for a divorce by Roslyn S. Finston against Albert Finston. To review an order dismissing her motion for a rule requiring the Standard Accident Insurance Company to show cause why judgment should not be entered against it on a supersedeas bond, on which the company was surety, *Page 550 
given to supersede a final decree of divorce, plaintiff brings certiorari.
Petition for certiorari denied.
See also 37 So.2d 423.
This matter is before us upon a petition for certiorari which so clearly presents the case that it is copied in full:
 "Petition for Writ of Certiorari
"To the Honorable the Supreme Court of Florida:
"Petitioner, Roslyn S. Finston, respectfully alleges:
"1. On April 8, 1949, she filed in the Circuit Court of Dade County, Florida, a motion for citation under Sec. 59.13, F.S. 1941, as amended [F.S.A.] (Tr. 1), requesting the Court to issue a rule requiring the Standard Accident Insurance Company to show cause within a fixed time why judgment in the sum of $5,160.37 should not be entered against it in favor of petitioner on account of an alleged liability on a supersedeas bond on which the company was surety given to supersede a certain final decree of divorce entered in said cause in favor of the petitioner and against the defendant, Albert Finston. The items of damage claimed were attorneys' fees and traveling expenses for counsel paid by petitioner in defending the appeal from said final decree, which decree was affirmed by this court on March 30, 1948, which affirmance is reported in 34 So.2d 745, not yet reported in Florida Reports.
"The rule to show cause was issued by the Court (Tr. 5). A demurrer and motion to dismiss (Tr. 6) was filed thereto based on the ground that the supersedeas bond was not conditioned upon payment of any attorneys' fees and upon the further ground that the Supreme Court of Florida had denied petitioner's petition to require the defendant, Albert Finston, to pay additional attorneys' fees for the services of her attorneys in defending the appeal from said final decree.
"After hearing, the Court entered its order (Tr. 7) dismissing the petition and denying petitioner the right to recover the said attorneys' fees and expenses against the surety.
"2. One of the conditions of said supersedeas bond is as follows:
"`Now Therefore, if the said Albert Finston or the surety shall pay to Roslyn S. Finston, all costs, damages and expenses incurred by her through the entry of the appeal, should said appeal be dismissed, or should the Supreme Court of Florida affirm the said decree, then the obligation hereunder shall be determined, otherwise to remain in full force and effect.
"Petitioner contends that since the bond contains an obligation on the part of surety to pay all costs and damages and in addition thereto `all * * * expenses' incurred by her, that the word `expense' entitles her to recover attorneys' fees and their traveling expenses paid by her in connection with defending the appeal, and that the Court erred in denying her the right to recover these expenses against the surety.
"Wherefore, petitioner prays for writ of certiorari to bring up so much of the record of the Circuit Court of Dade County as is necessary for consideration of this petition, to review and quash the interlocutory order dated May 3, 1949, discharging the rule to show cause and denying petitioner the right to recover the expenses of attorneys' fees and their traveling expenses paid by the petitioner in defending said appeal.
"A certified copy of the transcript agreed upon by the attorneys herein is attached hereto."
The bond is by its terms sufficient to permit a recovery of attorneys' fees had they been a hazard against which the bond was given to protect, but such is not the case. Appeal bonds given to stay the execution of a final decree or to effectuate a supersedeas of the final decree are ordinarily liable only for the expenses resulting from stay or supersedeas. Attorneys' fees of an appellee in defending an appeal when the appeal is of right are not expenses against which the appellant may be required *Page 551 
to protect the appellee as a condition to procuring a stay or supersedeas of the decree or judgment appealed.
This case is controlled by the principles stated in Bernstein et al. v. Bernstein, Fla., ___ So.2d ___.[1]
The petition for certiorari is denied.
ADAMS, C.J., and TERRELL and THOMAS, JJ., concur.
[1] Rehearing pending.