CARROLL, Judge.
This is an appeal by one of the defendants below from an adverse equity *319 decree.[1] The appellant John M. Jones and the appellee Mozelle N. Jones, were divorced in the State of Kentucky. The divorce decree approved a property settlement which included a release by the wife.[2] At the time of the divorce each owned a share or interest in a certain land trust known as the Hub Trust. Some months after the entry of the divorce decree in Kentucky, Mozelle filed this suit in Dade County, Florida, against John and the trustees of the Hub Trust.[3] In her suit, Mozelle claimed John had acquired his interest in the Hub Trust with her money and for her, and she sought to establish a resulting trust thereof and to enjoin the trustees from selling the trust property.[4]
John moved to dismiss the complaint on the grounds that the court had no jurisdiction over him, and that Mozelle’s claim *320 was barred by the release. The motion to dismiss was denied and an answer was filed in which John denied the material allegations of the complaint and affirmatively pleaded the benefit of the prior property settlement agreement and the divorce decree confirming it. Following trial the chancellor granted Mozelle’s claim that John’s interest in the Hub Trust was held for her under a resulting trust, and ordered it transferred to her. In so holding the chancellor was in error. The chancellor also granted Mozelle a money judgment against John for $1,000, which the decree said was shown by the evidence to remain owing and unpaid by John to Mozelle under the terms of the property settlement agreement.
This suit did not represent an effort by Mozelle to disclaim the decree and rescind the property settlement. She had accepted the benefits thereof, and made no offer to return them. The object of her suit, as it related to the Flub Trust, was to obtain more property from John.
John’s interest in the Hub Trust was known and taken into consideration at the time of the property settlement involved in the divorce proceedings, in connection with which both parties had the aid and advice of counsel of their choice. Mozelle did not claim John’s interest in the trust at that time. Under the property settlement agreement the husband agreed to pay the wife $90,000 within a period of two months, and it was expressly provided that such payment was to be in full settlement of property rights and alimony claims. Under the agreement the wife was allowed to retain all property standing in her name, the only exception being certain parcels owned by them as tenants by the entireties, and a division of those properties was specified therein. The personal property the wife was to have was listed. The agreement then set forth the general release from the wife to the husband. The divorce decree rendered in Kentucky, which included approval of that agreement, settled the property rights of the parties and barred this subsequent suit brought by the ex-wife to determine the question of property rights. That proposition is settled under the. law of Florida as well as in Kentucky. Cooper v. Cooper, Fla.1954, 69 So.2d 881; Finston v. Finston, 160 Fla. 935, 37 So.2d 423; Masilotti v. Masilotti, 158 Fla. 663, 29 So. 2d 872; Miller v. Miller, 149 Fla. 722, 7 So.2d 9; Smith v. Bollinger, Fla.App.1962, 137 So.2d 881; Jackson v. Jackson, 306 Ky. 715, 209 S.W.2d 79; Pauley v. Pauley, 280 Ky. 66, 132 S.W.2d 512; Hargis v. Hargis, 252 Ky. 198, 66 S.W.2d 59; Keach v. Keach, 217 Ky. 723, 290 3.W. 708.
The terms of the property settlement agreement and the release it embodied were sufficient to bar the subsequent claim to John’s Hub Trust property interest. In addition, the Kentucky decree settled the property rights of the parties. On those grounds the suit should have been dismissed.
It was argued on behalf of the ap-pellee here, and no doubt was argued in the trial court, that because the defendant John offered evidence in an attempt to defeat the plaintiff’s claim of resulting trust he could not have the benefit of his affirmative defense of res judicata. As shown by the decree in this suit the chancellor appears to have reached that conclusion. In so holding, the chancellor was in error and the argument which induced that ruling was unsound. Alternative or inconsistent defenses may be asserted and relied on, under rule 1.8(g), F.R.C.P., 30 F.S.A.
Moreover, Mozelle was not entitled to a decree in her favor on the merits of her claim of resulting trust. The evidence on that issue was in conflict. The decree in the instant case referred to the evidence favoring the plaintiff as being “substantial.” The burden on the plaintiff in seeking to establish the resulting trust called for its proof by evidence “so clear, strong and unequivocal as to remove from the mind of the Chancellor every reasonable doubt as to the existence of the trust.” See Gold *321 man v. Olsen, 159 Fla. 435, 31 So.2d 623, 624, and cases cited there. If the required quantum of proof was met, the court did not so hold.
The objection to jurisdiction over the person, as presented by John, was not valid as to the cause of action relating to his property interest in the Hub Trust, which could he litigated on substituted service. But with regard to the judgment for $1,000 in favor of Mozelle against John for a balance found due under the' property settlement agreement, the court was without jurisdiction to grant that money judgment, for want of personal service of process within this state. Pennoyer v. Neff (1877), 95 U.S. 714, 24 L.Ed. 565.
For the reasons stated the decree appealed from is reversed.
Reversed.

. Appellee Mozelle N. Jones was the plaintiff below. The defendant trustees who did not appeal are listed as appellees, under rule 3.11(a) of Florida Appellate Rules, 31 F.S.A.

. The property settlement agreement contained the following pertinent recitations and provisions:
“Whereas, the parties to this agreement are husband and wife and the first party has instituted an action, as styled above, in the Franklin Circuit Court for divorce, and;
“Whereas, the parties hereto have arrived at a settlement agreement whereby they are settling all questions of property, all questions of maintenance and alimony and any and all other financial matters arising between them, * * *
“1. The party of the first part undertakes and agrees to pay to the party of the second part in full settlement of all questions of property rights, alimony, maintenance and any other claims which the second party may have against Mm the sum of Ninety Thousand Dollars ($90,000.00). Said sum shall be payable as follows: — $45,000.00 upon the first day of December, 1958, and $45,000.00 upon the second day of January, 1959.
“2. The party of the second part is to retain all property which stands in her name and which she may have procured by reason of marriage to the first party with the following exceptions. *****
“6. In consideration of the above, the second party [Mozelle Jones] relinquishes any and all claims of every kind and nature including but not limited to alimony, maintenance and all other claims of every kind and nature.
sis :M * * ‡
“8. It is understood and agreed that a duplicate original of this contract of settlement may be incorporated by reference in any judgment of divorce granted herein.”
In the suit for divorce the circuit court there made and filed findings of fact and conclusions of law, the latter being as follows :
“It is therefore the conclusion of the Court that the plaintiff [John M. Jones] is entitled to an absolute divorce from the bonds of matrimony with the defendant. [Mozelle Jones].
“That the settlement agreement entered into between the parties is approved.
“Judgment should be entered accordingly.”
On the same day, November 10, 1958, the Kentucky court entered the final decree, as follows:
“This cause coming on for hearing pursuant to waiver of notice of motion for judgment and entry of judgment and the Court being advised and having entered its findings of fact and conclusions of law, it is hereby adjudged that the plaintiff be, and is hereby granted an absolute divorce from the bonds of matrimony with the defendant.
“The settlement agreement entered into-between the parties is hereby approved.”

. Mozelle sued as a resident of Florida. Her complaint alleged John was a resident of Kentucky, that property of the Hub Trust was located in Dade County, Florida, and that the defendant trustees had an office here. The defendant John Jones was not served personally within the State of Florida, but was-served by publication based on the allegation of his residence in Kentucky in the-complaint which was sworn to.

. The complaint also included a separate-cause of action seeking a money judgment against John for $20,000. The money was alleged to have been withdrawn by John from an account of Mozelle’s in a Kentucky bank during the-time they were married. Evidence pro- and con was introduced on the issue, but the decree did not grant that requested! money judgment.