154 So.2d 894 (1963)
Dorothy F. McEACHIN, Appellant,
v.
Dalton H. McEACHIN, Appellee.
No. E-90.
District Court of Appeal of Florida. First District.
June 27, 1963.
Rehearing Denied July 23, 1963.
*895 Arthur T. Boone and William C. Guthrie, Jr., Jacksonville, for appellant.
J.B. Hodges, Lake City, for appellee.
CARROLL, DONALD K., Chief Judge.
The plaintiff in a divorce suit has appealed from an order entered by the Circuit Court for Columbia County modifying certain terms of the final divorce decree.
The problem confronting us on this appeal concerns the extent of a chancellor's authority to modify the terms of a final decree several months previously entered by him in the litigation. This issue arose out of the following situation as shown by the record before us:
The plaintiff-appellant filed her complaint for a divorce from the defendant-appellee and, after a hearing on the merits, the chancellor on July 20, 1962, entered a final decree granting a divorce a vinculo matrimonii to the plaintiff and providing, among other things, for the division of property rights of the parties and their visitation rights with reference to the minor child born of their marriage. The final decree also contains a provision that the court "retains jurisdiction herein for the entry of such other and further orders as may be proper herein, and for the purpose of modifying any orders herein."
On September 24, 1962, the defendant filed a petition to change the custody of the child, and on November 2, 1962, filed a supplemental petition requesting a change in visitation rights. On the latter date, after the taking of testimony, the chancellor *896 entered the order appealed from modifying the final decree in the particulars discussed below.
In the final decree the chancellor awarded the permanent care, custody, and control of the parties' minor child to the plaintiff and granted to the defendant "reasonable periods of visitation with the child," allowing him to have the child with him from 3 to 5 p.m. each weekday, Monday through Friday, and from noon until 5 p.m. on each Sunday. In the order appealed from, however, the chancellor provided that the defendant shall have "the right and privilege of visiting to and with the minor child" in a reasonable and proper manner in Jacksonville, Florida, "at reasonable times on week days at the convenience of the defendant" between the hours of 9 a.m. and 7 p.m., wherever the child may be located, and on alternate weekends on Saturdays from noon to 7 p.m. and on Sundays from 2 to 7 p.m.
In dealing with the property rights of the parties, the chancellor in the final decree provided, among other things, that all of the assets of the City Plumbing & Electric Company belonged to the defendant, and that the title to "the two lots and the home and property upon which the home is situated, all in Columbia County, Florida, which the parties own, shall remain in the same names in which it is presently titled; however, the Defendant may have the use and occupancy of the home."
These provisions of the final decree were modified by the chancellor in the order appealed from, holding that the said lots were a part of the assets of the City Plumbing and Electric Company, which business he had awarded to the defendant, and the chancellor further ordered that the plaintiff execute a bill of sale to the defendant of all her rights, title, and interest in the said business, together with a quit claim deed of her interest in the said two lots.
The chancellor's authority to change the mentioned property provisions of the final decree rests upon a different legal basis from his authority to change the said visitation rights. Because of this, we will here treat these two types of provisions separately.
First, with reference to the change in the property provisions, the rule established in this state is that, after a final decree has become final and absolute under our rules, the chancellor does not retain the power to modify the principles of such final decree. In the words of the Supreme Court of Florida in Mabson v. Christ, 96 Fla. 756, 119 So. 131 (1928):
"While a court of equity retains the power to modify by subsequent order the time or manner of the enforcement of a final decree after the expiration of the term in which it was rendered, or after it has become final and absolute under our rules, it does not retain the power to amend, modify, or alter the principles of such final decree."
The Supreme Court in Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948), applied this rule specifically to property rights settled in a final decree of divorce, saying:
"The rule seems well settled that a final decree in an equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights. Knabb v. Duner, et al., 143 Fla. 92, 196 So. 456; Town of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279; Zellner v. Zellner, 155 Kan. 530, 127 P.2d 428. * * *"
As stated above, in the instant case the final decree of divorce was entered on July 20, 1962. Neither party filed a petition for rehearing within the ten day period permitted by our rules of civil procedure, nor did either party appeal from the said final decree within the 60-day period permitted by our appellate rules. On October 5, 1962, the defendant filed his petition to change custody, and on November 2 his supplemental petition to change visitation rights. The order appealed from was dated November *897 2 and entered on December 27, 1962, more than six months after the final decree was entered.
Our Supreme Court has recognized certain limited exceptions to the rule forbidding a chancellor to change his final decree after it has become final and absolute. In Cortina v. Cortina, 98 So.2d 334 (1957) that court declared that, after the lapse of time for filing a petition for rehearing, "final decrees cannot be changed, added to, nor taken from, except as to the correction, nunc pro tunc, of mere clerical errors or misprisons, without resorting to the recognized processes of equity, based upon appropriate grounds."
In his brief the appellee has attempted to bring the instant case within the exception set forth in the last quotation by contending that the chancellor, in changing the provisions relating to the said lots, merely corrected an "obvious mistake." We cannot agree with this contention. It would be more accurate, we think, to characterize the chancellor's modification of the disposition of the lots as a re-adjudication of the entitlement of the parties to these lots. Certainly it was not apparent on the face of the final decree that he had erroneously awarded this property to the appellant, nor can it be said that such award partakes of the nature of a clerical error. We hold, therefore, that the chancellor lacked the authority to make this change of property rights in the order appealed from.
A more troublesome contention made by the appellee is that the chancellor has the power to modify the final decree because of the provision in that decree that the court "reserves jurisdiction herein for the entry of such other and further orders as may be proper herein, and for the purpose of modifying any orders herein."
While the authorities in Florida and elsewhere as to the legal effect of such a reservation clause are not wholly consistent, we are of the opinion that the better rule, as well as the weight of authority, is that such a reservation clause does not endow the court with jurisdiction that otherwise would be lost.
Our decision in Morrison v. Morrison, Fla.App., 122 So.2d 199 (1960), supports this view concerning the reservation clause. As we said in that case:
"* * * It is settled principle of law in this state that a court of equity possesses no power to go back and grant a new right or impose a new duty not adjudicated in its former decree after it has become final and absolute. Although the court retains the power to modify by subsequent order the time or manner of the enforcement of a final decree after it has become final, under our rules it does not retain the power, unless specifically provided by statute, to amend, modify or alter the principles of such final decree. If the court intended but failed to include in its decree a provision relieving the father from the payment of support money while the children were in his custody during the summer month, such failure would necessarily be an intrinsic and unverifiable judicial mistake, not subject to change under our cases."
Despite a difference in the wording of the reservation clause, the rationale of the Supreme Court of Florida in Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948), is applicable in the present appeal. In that case the final decree of divorce adjudicated the property rights of the parties and provided that the court retains jurisdiction "for the purpose of making such further orders herein as may be found necessary to carry out the purposes and objects of the decree." Mr. Justice Terrell, speaking for the court, said concerning that clause:
"The only effect of reserving jurisdiction in this manner is to promulgate such orders as are necessary to effectuate the judgment but this does not make it any less a final judgment. The application of any other principle would mean that there would be no end to litigation. *898 Our statute Section 63.35, Florida Statutes 1941, F.S.A., relating to compulsory counter-claims in equity contemplates the course that was pursued in the main case."
While the reservation clause before us does not state that the reservation of jurisdiction is for the object of carrying out the purposes of the decree, as in the Finston decree, the Supreme Court's assertion in that case that, if such a clause rendered the judgment "any less a final judgment," "* * * there would be no end to litigation," is applicable to the present case. If the reservation clause in the final decree before us were construed as authorizing the chancellor for an indefinite period to modify the decree, there would indeed be no end to this litigation and the property and personal rights of the parties might never become settled. We hold, therefore, that the reservation clause in the final decree involved in this appeal did not have the effect of reviving the chancellor's jurisdiction he had lost after the times for filing an appeal and a petition for rehearing had passed.
The authority of the chancellor to change the visitation rights in the said order is broader than his authority to change the property rights because of the power granted by the State Legislature to courts of equity in Section 65.14, Florida Statutes, F.S.A. which reads as follows:
"In any suit for divorce or alimony, the court shall have power at any stage of the cause to make such orders touching the care, custody and maintenance of the children of the marriage, and what, if any, security to be given for the same, as from the circumstances of the parties and the nature of the case may be fit, equitable and just, and such order touching their custody as their best spiritual as well as other interests may require."
It is our opinion that the change in visitation rights falls within the authority thus granted as to "care, custody, and maintenance" of the parties' minor child  at "any stage of the cause." The statute, however, bases this authority upon "the circumstances of the parties and the nature of the case" and requires that the order of modification be "fit, equitable and just" and accord with the child's "best spiritual as well as other interests * * *."
We cannot determine, however, from the record before us whether the said requirements were met when the chancellor entered the said order, for the reason that the appellant has not filed in this court a transcript of the testimony taken before the chancellor at a hearing before he entered the order, nor is such testimony included in the appellant's appendix to her brief. The only light thrown on this subject is the chancellor's statement in the order that further testimony was taken before the court and that "due to the fact that plaintiff is now residing in Jacksonville, an appropriate change in the visitation order is necessary at this time." We note also that the appellee in his supplemental petition filed on November 2, 1962, states, as his ground for changing the visitation provisions of the final decree, that during the preceding month he had married a lady who was a fit and proper person to share visitation privileges with the child and is willing to assist the defendant in caring for the child.
In view of our inability, as set forth above, to review the evidence that led the chancellor to change the visitation rights, we are forced to rely upon the presumption that the chancellor's order correctly stated the evidence, as well as the time-honored presumption of the validity of a chancellor's order or decree on appeal. Indulging in these presumptions, we cannot say from the record before us that the chancellor committed error in changing the visitation provisions in the said order.
In accordance with the above discussions, we affirm that part of the order appealed from pertaining to visitation rights and reverse *899 that part pertaining to the two lots. The order is otherwise affirmed. The cause is remanded for proceedings consistent with the views herein expressed.
Affirmed in part, reversed in part, and remanded.
STURGIS and RAWLS, JJ., concur.