BARKDULL, Judge.
The parties to this cause, as incident to the dissolution of their marriage, entered into an agreement in 1959 providing for the division of their joint property, alimony, support for the minor children, etc., which among other things contained the following provisions:
* * * * * *
“2. That out of the joint property owned by the parties the husband agrees to pay a lump sum of $21,-750.00 and the wife agrees to release any joint or dower interest in the joint property, or property in the name of the husband, as the case may be, and the wife agrees to execute any instruments necessary to effectuate the terms of this paragraph. * * *
******
“6. So long as the husband retains the lump sum, or any portion, specified in paragraph 2 herein, said lump sum, or portion, shall be considered as investment capital in his hands and he shall be accountable to the wife either for a proportionate share of the return on the investment of which said sum is a part or fixed return pegged to the current rate of interest paid by the Coconut Grove Bank on Savings Accounts, whichever is greater.”
******
Upon the wife being granted a divorce, the agreement was incorporated in the final decree in the following language:
******
“5. That the property settlement entered into by the parties hereto on March 27th, 1959, a copy of which is on file herein, is hereby approved and confirmed and made a part of this decree and it is ordered that the custody, care and control of the two children of this marriage, George Gem and John Clem, shall be vested in the plaintiff, subject to reasonable visitation rights of the defendant, and the defendant is ordered to pay to the plaintiff the sum of fifty dollars per week for the support of said children, in accordance with said agreement, and defendant is ordered to carry out every other provision of said agreement or property settlement.” [emphasis added]
******
Thereafter, the wife became dissatisfied with the husband’s performance under the decree and agreement, and filed numerous petitions before the court, the last of which was a petition that sought modification of the final decree and other relief. Upon this petition coming on to be heard before the chancellor, he entered the order here under review which indicated that the matter had been before the court on numerous occasions; that the defendant-husband had been in contempt of court, had failed to comply with an order requiring an accounting, and had failed to comply *744 with the terms of the property settlement agreement ratified by the final decree of divorce. Thereupon he entered his order granting certain of the relief prayed for by the plaintiff; found that she was entitled to the sum of $19,239.55 as the balance due her on the lump sum award of alimony, and entered judgment for this amount plus an arrearage for support payments for the children and let execution issue.
The husband has appealed, and urges that the chancellor lost jurisdiction to change the terms of the decree there being no express reservation of jurisdiction in the final deci'ee. See: Finston v. Finston, 160 Fla. 935, 37 So.2d 423; Morrison v. Morrison, Fla.App.1960, 122 So.2d 199; McEachin v. McEachin, Fla.App.1963, 154 So.2d 894; Augusta Corporation v. Strawn, Fla.App.1965, 174 So.2d 621; Rogers v. Rogers, Fla.App.1965, 175 So.2d 232, 233. The appellee responds that the net result of the order here under review, notwithstanding any labels, was not to modify nor change but was merely to enforce the provisions for payment of the lump sum alimony provided for therein, and relies upon the following authority: Mabson v. Christ, 96 Fla. 756, 119 So. 131.
We recognize that a chancellor, subsequent to a final decree becoming final, is without the authority to modify a property settlement agreement unless a reservation is made in the decree or if the agreement so provides by its terms.[1] However, we find no modification in the instant cause. The final decree recited “defendant is ordered to carry out every other provision of said agreement or property settlement.” The wife was awarded $21,-750.00 as lump sum alimony. No time for payment of this amount was provided for in the agreement or in the final decree. It was provided that as long as the husband retained the lump sum he should pay interest, etc. Counsel for the appellant urges that the husband had the right to determine how long he would retain the lump sum. We find that the only reasonable rationale would be that the wife had the right to determine when the lump sum, which had been awarded her, should be paid. And certainly, if not before, by the petition before the chancellor upon which the order here under review was entered, she evidenced an election to terminate the arrangement whereby the husband could retain the lump sum. And, the chancellor was well within his authority in enforcing the provisions of the final decree in requiring the husband to pay the lump sum provided in the agreement.
Affirmed.

. See and compare: Kosch v. Kosch, Fla.1959, 113 So.2d 547.