293 So.2d 780 (1974)
Charles SIMON, Appellant,
v.
Sally SIMON, Appellee.
No. 73-1360.
District Court of Appeal of Florida, Third District.
April 2, 1974.
Rehearing Denied May 20, 1974.
Jack D. Burris, Miami Beach, for appellant.
Frank, Strelkow & Gay and Richard N. Krinzman, Miami Beach, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant takes this interlocutory appeal to review an order by which the court on its own motion struck certain portions from plaintiff's complaint. We reverse.
On March 20, 1972 the chancellor entered a judgment dissolving the marriage between the parties. Contained therein was a specific finding of the court that the parties owned jointly as tenants by the entireties, the marital residence and, in addition, that the appellant, ex-husband, owned a number of properties consisting of improved and unimproved real estate in Philadelphia, Pa. which was stipulated to have a net value in excess of $1,000,000 and *781 from which appellant's actual income was in excess of $20,000 after deducting depreciation, a major portion of which appellant used to provide for his family. Thereupon, the chancellor ordered that the marital residence be sold and the proceeds from the sale thereof be divided equally between the parties, and that appellant pay monthly alimony to the appellee, ex-wife, and monthly child support. No appeal was taken from this judgment. Subsequent thereto, plaintiff-appellant filed a complaint in which he sought an injunction to enjoin his ex-wife, the defendant-appellee, from prosecuting seven separate actions involving his real property holdings in the Court of Common Pleas of Philadelphia County, Pennsylvania. Appellant alleged therein that the chancellor in the dissolution judgment made a finding of fact and an adjudication of property rights whereby appellant was found and determined to be the owner of the Philadelphia real property and as a result thereof, all property rights between him and his ex-wife finally have been determined and adjudicated; therefore, defendant-appellee is precluded and barred from claiming any special equities or other claim with respect to his Philadelphia real estate. In response thereto, defendant-appellee filed a motion to dismiss which was denied. However, the court on its own motion struck from the complaint portions of paragraphs 5 and 8 and paragraphs 6, 10 and 12 in their entirety which alleged that the final judgment of dissolution constituted a final adjudication of the property rights between the parties and barred any further litigation thereof by the defendant. Plaintiff appeals therefrom.
The rule is firmly established that as in the case sub judice where the court has acquired jurisdiction to adjudicate property rights, a final dissolution of marriage judgment settles all property rights of the parties and bars any action thereafter by either party to determine property rights. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Smith v. Bollinger, Fla.App. 1962, 137 So.2d 881; Jones v. Jones, Fla.App. 1962, 140 So.2d 318; McEachin v. McEachin, Fla.App. 1963, 154 So.2d 894; Thompson v. Thompson, Fla.App. 1969, 223 So.2d 95; Henderson v. Henderson, Fla.App. 1969, 226 So.2d 699; Vandervoort v. Vandervoort, Fla. App. 1973, 277 So.2d 43. In addition, property claims must be put into issue in the dissolution of marriage action since the doctrine of res judicata is applicable even where property rights are not put into issue, if the issue could have been raised. Finston, supra; Cooper v. Cooper, Fla. 1954, 69 So.2d 881.
After a close reading of the final judgment of dissolution, it is clear that the property rights of the parties conclusively were determined and settled therein. It is equally clear that the amount of alimony awarded the defendant-appellee, ex-wife, was predicated upon the court's finding that appellant owned the Philadelphia properties and the annual income he derived therefrom. Thus, we reverse the order striking the portions of appellant's complaint cited hereinabove and remand the cause for further proceedings not inconsistent herewith.
It is so ordered.