ENGLAND, Justice.
In this case petitioner seeks a writ of certiorari asking us to review a decision rendered by the Second District of Appeal and reported at 310 So.2d 378. We tentatively issued the writ based on an apparent conflict between that decision and other Florida appellate cases, principal among which are Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948) and Sistrunk v. Sistrunk, 235 So.2d 53 (Fla.App. 4th, 1970).
The point which petitioner suggests creates conflict in the jurisprudence of this state is whether, in light of Section 689.15, Florida Statutes (1975), the trial judge in a marriage dissolution proceeding has the power to reserve jurisdiction for the purpose of settling property rights after the decree of dissolution is entered. After hearing argument and reviewing the parties’ briefs, we conclude that the apparent direct conflict of decisions does not exist.
In Finston, a dissolution of marriage and settlement of property rights were adjudicated at the same time in the same decree. This Court simply held that a reservation of jurisdiction in that decree to enter effectuating orders which may later be required did not provide the authority to change the earlier property disposition. In Sistrunk, as amplified in Becker v. King, 307 So.2d 855, 860 (Fla.App. 4th, 1975), cert, dismissed, 317 So.2d 76 (Fla.1975), it was simply held that a modification petition filed after a final adjudication of property rights could not be the basis on which to change the earlier property disposition.
In this case, the district court had for review the initial property adjudication between these parties. The court’s decision that the trial court could properly dissolve the marriage and reserve jurisdiction to settle property rights which had never been adjudicated, including an award of special equity in property as to which title had been converted by the operation of Section 689.15, does not conflict with any other Florida appellate decision.
Accordingly, the writ is discharged.
OVERTON, C. J., and ROBERTS, ADKINS and BOYD, JJ., concur.