CHARLES CARROLL (Ret.), Associate Judge.
This appeal is by the plaintiff below from an order dismissing with prejudice her complaint filed against John Couture, Inc., a dissolved Florida corporation, and its last known directors as trustees thereof, including John Couture, her former husband. By her action plaintiff sought to establish a one-half equitable interest in the assets of the dissolved defendant corporation and in the accrued profits thereof, predicating her claim on having equally with her former husband supplied the consideration by which the corporate property was acquired and having equally with him conducted the business of the' corporation.
In their prior dissolution of marriage action, in which the corporation was not a party, the wife had sought to establish such equitable ownership in the corporation. In that action the trial court held the wife had no interest in the corporate property, and that she had no interest in the corporate stock. On her appeal therefrom this court modified and amended the marriage dissolution judgment by striking therefrom the paragraphs so holding. With reference thereto this court stated: “We find that these issues were not properly presented to the trial judge as the corporation was not a party to the litigation”. See Couture v. Couture, 307 So.2d 194 (Fla.3d DCA 1975).
The ground upon which the complaint in the instant case was dismissed with prejudice, as stated in the order, was: “The court finds that the claims set forth in plaintiff’s complaint were presented to this court and/or should have been presented to this court in plaintiff’s original dissolution of marriage action”. That finding was not in accordance with our finding on the matter on the appeal from the dissolution judgment.
In Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (Fla.1948), the Supreme Court said: “The rule seems well settled that a final decree in an equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights”. The Court made reference there to the rule of civil procedure for compulsory counterclaims. However, that rule would have no bearing here, where the plaintiff wife attempted to raise such property issues in the dissolution action, but for the reason stated above the same were not proper to be adjudicated there.
In Finston v. Finston, supra, sometime after the divorce judgment the husband petitioned in the divorce action for a sup *396 plemental decree to require the ex-wife to release her rights as beneficiary under some insurance policies and in a certain tax refund, and to account for disposition of some personal property. In that case, as the Supreme Court there noted, those property rights had been presented in the pleadings and were properly before the court in the divorce action, and were there adjudicated.
The situation in the present case is materially different. Here, although raised in the dissolution case in the plaintiff’s pleadings, the property rights in question were held by this court not to have been properly before the trial court in the dissolution action, and an adjudication thereon by the trial court in that action was stricken.
It would be inconsistent and unjust to hold that the ex-wife was barred from maintaining this action for determination of her said property interest claims, on the basis of the rule that a marriage dissolution judgment determines the property rights of the parties which were or could have been there litigated, when the property right or rights thus subsequently asserted have been held by this court to be such as were not proper to be enforced or adjudicated in the dissolution action.
In the circumstances applicable to this case, the prior dissolution judgment does not operate as a bar to the ex-wife to assert her said claims of interest in the corporation or corporate stock.
The order appealed from is reversed, and the cause is remanded for further proceedings.