348 So.2d 355 (1977)
Louise Orr ESTABROOK, Appellant,
v.
Watson W. WISE and Phillips Petroleum Company, a Corporation, Appellees.
No. AA-444.
District Court of Appeal of Florida, First District.
July 11, 1977.
Rehearing Denied August 8, 1977.
*356 Wilmer H. Mitchell, Mitchell & Oberhausen, Pensacola, for appellant.
William F. McGowan, Jr., Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Tampa, and W. Spencer Mitchem, Beggs & Lane, Pensacola, for appellees.
RAWLS, Acting Chief Judge.
Discovery of oil in the Jay, Florida, oil field area has resulted in a microscopic scrutiny of the title to land in that vicinity. So, we are here confronted with an appeal from a final summary judgment in which the trial court found that appellant-plaintiff Estabrook had no claim of interest which she asserted in certain Florida property.
By her complaint, Mrs. Estabrook alleged that she and appellee-defendant Warren Wise were residents of Tyler, Texas, and the purpose of her suit was to impose a resulting trust in favor of herself in mineral rights in certain Florida real property which was presently in the name of Wise; a portion of which had been leased to defendant-appellee Phillips Petroleum Company. Further allegations were that she and Wise were married in Texas (a community property state) in 1930 and remained married in that state until 1964, when she filed her petition for divorce. The gist of her further allegations are that during their marriage, Wise acquired the claimed interest in Florida minerals with community property funds, and that during their divorce litigation in Texas, he willfully failed to disclose his interest in same to the Texas court. Wise, by his answer, asserted the following affirmative defenses: 1) Mrs. Estabrook had knowledge of the ownership of the separate property in Florida, and, therefore, her action was barred by the statute of limitations; 2) laches; 3) the action is barred because the subject property was not purchased with community funds; 4) Mrs. Estabrook's claim is founded upon a community property agreement entered into in Texas and upon the community property law of Texas which has no effect upon real property located in Florida; and 5) this action is barred because of the entry of the final decree of divorce between Mrs. Estabrook and Wise.
The trial court did not recite any specific ground in its final summary judgment upon which to enter same. Our review of this extensive record discloses several valid grounds upon which to sustain same; however, we will confine our comments to the latter ground based upon the Texas divorce.
On May 18, 1965, Mrs. Estabrook (at that time Mrs. Wise) and Mr. Wise entered into a property settlement agreement which stated, in part:
"... [A]nd no issue regarding community property .. . is to be submitted to the Court ... if it should hereafter appear that either party desires to claim that some community property has not been divided, he or she shall be free to do so and shall be entitled to pursue his or her rights and remedies thereto."
The final judgment of divorce was entered by the Texas court on May 25, 1965, incorporating the terms of the property settlement between the parties. In 1972, Mrs. *357 Estabrook filed suit in Texas claiming an interest in the Florida property, which suit was appealed. She filed the instant suit in Florida in 1974. The Texas suit was ultimately dismissed by agreement of the parties.
The Texas divorce decree was a final judgment of divorce incorporating a property settlement agreement between the parties. Florida is not a community property state, and thus is not required to recognize an encumbrance predicated upon a foreign state's community property law. The establishment of non-record title interests arising out of marital claims should be settled in the forum state. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Dotter v. Dotter, 147 So.2d 209 (Fla. 2nd DCA 1962); Jones v. Jones, 140 So.2d 318 (Fla. 3rd DCA 1962), and McEachin v. McEachin, 154 So.2d 894 (Fla. 1st DCA 1963). The Texas court had jurisdiction pursuant to the agreement of the parties which was incorporated in its 1965 divorce decree for the parties to further "pursue his or her rights and remedies thereto." Mrs. Estabrook did pursue her alleged rights in the Texas court; however, she also sought a construction of that court's decree in the Florida court and subsequently abandoned her forum state. Any initial relief, pursuant to the final decree entered by the Texas court, should have first been resolved by that jurisdiction.
As stated in Cooper v. Cooper, 69 So.2d 881 (Fla. 1954):
"As already pointed out the inquiry seems to have gone afield by developing how the parties to the original marriage had accumulated property and lost or gained in its manipulation, evidently on the theory that there should be a judicial determination of the fairness of the division when the personalty was exchanged for realty. This was a futile procedure because the divorce case then pending had, meanwhile, culminated in a final decree and property rights then and there became settled. Finston v. Finston, 160 Fla. 935, 37 So.2d 423. We announced there the rule `that a final decree * * settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights.' In that case the court had before it the question of property rights and held that the doctrine of res judicata controlled. Here the property rights were not introduced in the litigation but they could and should have been so the same rule applies here as will be seen by an examination of our opinion in Town of Boca Raton v. Moore, 122 Fla. 350, 165 So. 279, cited as authority for the rule stated in Finston v. Finston, supra."
We hold that the doctrine of res adjudicata controls. The judgment appealed is
AFFIRMED.
SMITH and ERVIN, JJ., concur.