PER CURIAM.
This is an appeal by the respondent below from the order entered by the trial court after this court affirmed a judgment of dissolution of marriage. We hold no reversible error has been shown, and affirm.
On November 8, 1976, the final judgment of dissolution of marriage was entered in which property rights of the parties were determined. Therein the husband was ordered to transfer to the wife title to a certain automobile and his interest in a membership in the Jockey Club. In addition, the husband was ordered to transfer to the wife his interest in certain listed stocks *94 and bonds. The wife was ordered to assign to the husband her interest in membership of Vacation Tours, and her interest in certain described bonds in the aggregate face value of $50,000.00. The judgment further provided that the husband should indemnify and hold harmless the wife from the obligation of a bank loan the parties had made of $46,000.00 to Barnett Bank of Bay Harbour Islands “for which the Petitioner pledged various stocks and bonds as collateral”, and with respect thereto ordered that the husband “shall endeavor to do all things necessary to release and return to the Petitioner all her stocks and bonds so pledged.”
The husband filed an appeal from the judgment, and this court affirmed without opinion. A mandate thereon was filed in the trial court on January 12, 1978.
Thereafter on February 2, 1978, the wife filed a petition in the trial court, designated as a petition for clarification wherein she called attention to the provision of the judgment by which the husband had been ordered to take the steps necessary to obtain the release and return to the wife of her securities that had been pledged for the above mentioned loan. In that petition the wife listed and described pledged bonds which included three $5,000.00 bonds of Dade County Port Authority, and alleged that all the bonds listed in said petition, other than one $5,000.00 Dade County Port Authority bond were her property. Petitioner then alleged that the respondent had failed to comply with the order to him in the judgment to take the steps necessary to release and return to petitioner her said securities pledged for said loan, and was contesting her right thereto and had prohibited the bank from paying to the petitioner the income therefrom to which he was entitled.
That petition of the wife, although styled as one for clarification, was a petition to enforce the provision of the judgment requiring the husband “to do all things necessary to release and return to the petitioner all her stocks and bonds so pledged.” Thereafter the court entered the order appealed from. Therein it was recited that the court had reviewed the file and heard argument of counsel for the respective parties, and the order again directed the husband “to do all things necessary to release and return to the Petitioner all her stocks and bonds so pledged.”
As noted above, final judgment had listed certain securities which were jointly owned, and as to which the parties had been ordered to transfer his or her interest to the other. The securities which were listed in the wife’s subsequent petition as being those belonging to her which had been pledged for the bank loan were different and did not include any of those above mentioned as having been listed in the final judgment.
In ordering the husband to obtain the release and return of the pledged securities to the wife the final judgment had directed the return to her of “all her stocks and bonds so pledged.” In the order entered on the hearing on the wife’s subsequent petition, the court held that the bonds claimed by the wife to have been pledged for the bank loan, and the income therefrom, were the property of the wife. There was no contrary pleading or evidence.
On this appeal the husband contends the order entered by the court on the wife’s petition was a change or modification of the judgment, and that the court was without jurisdiction to enter such order after the appeal and affirmance of the judgment. We hold that contention is without merit in the circumstances of this case.
This was not an instance of a party, claiming entitlement to other property, after a dissolution judgment which dealt with the property rights of the parties, for which the court would not have jurisdiction. See Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (Fla.1948); Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA 1973); Simon v. Simon, 293 So.2d 780 (Fla. 3d DCA 1974). This order related to securities which the judgment had dealt with as being the wife’s property that had been pledged for the bank loan. With or without a reservation of jurisdiction, the court had jurisdiction to make such order as appeared to *95 be necessary and proper to enforce the provision of the judgment for disengagement of such securities from the bank loan and their return by the husband to the wife. See Hoover v. Scott, 44 So.2d 657 (Fla. 1950); Golub v. Golub, 336 So.2d 693 (Fla.2d DCA 1976). The subsequent order declaring her to be the owner of the pledged securities claimed by her was an appropriate order to accomplish the enforcement of the judgment.
Affirmed.