400 So.2d 981 (1981)
Rosman Charles DIEJUSTE, Appellant,
v.
Gloria DAVIS, Appellee.
No. 79-2420.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
Rehearing Denied July 15, 1981.
John D. Kruse of Kruse & Livoti, Fort Lauderdale, for appellant.
Richard K. Inglis, Fort Lauderdale, for appellee.
HERSEY, Judge.
This appeal concerns a final judgment in an action involving the respective rights of the parties in certain real estate. It is material to note that the parties were formerly husband and wife. The pleadings in the dissolution action did not raise and the final judgment of dissolution entered on April 1, 1977 did not treat any issues involving property.
In August of 1978, appellee, the former wife, filed a pleading entitled Complaint for Additional Relief After Dissolution of Marriage. After disposition of preliminary motions, filing of a responsive pleading and final hearing, the judgment appealed from was entered.
That judgment determined that certain real property held by the parties during marriage as a tenancy by the entireties, *982 converted by statute at the time of dissolution to a tenancy in common, was the sole property of appellee, former wife. Appellant was ordered to convey all of his record interest to appellee, precipitating this appeal.
It is suggested that only by an appropriate proceeding in partition could title to the real property by affected in this manner. We agree, but suggest the real problem goes deeper than the form of the pleadings.
The real question is whether property rights as between the marital partners and evolving during a marriage are finally settled by a judgment of dissolution of marriage under any and all circumstances. If the answer to that question is in the affirmative, then the doctrine of res judicata bars any subsequent action by one party to the dissolved marriage against the other, placing in issue any property right which came into existence or matured at any time prior to rendition of the judgment of dissolution. With few exceptions we find precedent requires an affirmative response to the question.
The basic rule is stated by our Supreme Court in Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948). That court held that where property rights were before the court in a divorce proceeding and were adjudicated in the final decree of divorce the doctrine of res judicata precludes any subsequent litigation of those property rights. The court stated, "The rule seems well settled that a final decree in an equity suit settles all property rights of the parties and bars any action thereafter brought by either party to determine the question of property rights." Id. 160 Fla. 935, 37 So.2d at 423-424.
By way of logical extension of this rule, the court determined, in Cooper v. Cooper, 69 So.2d 881 (Fla. 1954) that res judicata could similarly bar subsequent litigation of property rights even though not specifically litigated in the divorce action. The court, in applying the Finston rule pointed out the following: "Here the property rights were not introduced in the litigation but they could and should have been so the same rule applies...." Id. 69 So.2d at 883.
We have previously and specifically recognized and applied this rule, Boswell v. Boswell, 352 So.2d 91 (Fla. 4th DCA 1977); Henderson v. Henderson, 226 So.2d 699 (Fla. 4th DCA 1969). See Estabrook v. Wise, 348 So.2d 355 (Fla. 1st DCA 1977), cert. denied 435 U.S. 971, 98 S.Ct. 1612, 56 L.Ed.2d 63 (1978); Simon v. Simon, 293 So.2d 780 (Fla. 3d DCA 1974); Thompson v. Thompson, 223 So.2d 95 (Fla. 2d DCA 1969).
We have encountered one recent precedent to the contrary and two seeming exceptions which we briefly note here:
In Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA 1973) the following statement apparently contrary to the rule is made at page 45 of the opinion:
Therefore, the matters of property rights of the parties which were dealt with before the master, and reported by the master and confirmed by judgment of the court, are res judicata for the parties. As to matters of that nature which were not so dealt with before the master and not adjudicated by the judgment of August 9, 1972, the parties are at liberty to litigate them in other separate proceedings.
An exception to the rule was apparently made by the court in Orr v. John Couture, Inc., 345 So.2d 394 (Fla.3d DCA 1977) where action by the court itself in the dissolution proceeding precluded the disposition there of the wife's claims to certain property.
In Mariness v. Sirilo, 310 So.2d 760 (Fla.2d DCA 1975) conduct of the wife at the time of the dissolution proceedings was said to estop her from preventing the husband in subsequent proceedings from seeking a determination of his rights in certain property.
There is an additional aspect of the basic question that deserves mention here. It was believed, at one time, that the court was without power to reserve jurisdiction to determine property rights subsequent to the entry of the judgment of dissolution. See Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970); McEachin v. McEachin, 154 So.2d 894 *983 (Fla. 1st DCA 1963). To the limited extent specifically authorized by the case law, that rule has been relaxed to permit bifurcation of these issues under appropriate circumstances. Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980); Glazer v. Glazer, 394 So.2d 140 (Fla. 4th DCA 1981); Galbut v. Garfinkl, 340 So.2d 470 (Fla. 1976); Behar v. Southeast Banks Trust Co. N.A., 374 So.2d 572 (Fla.3d DCA 1979), cert. denied 379 So.2d 202 (Fla. 1980); Hyman v. Hyman, 310 So.2d 378 (Fla.2d DCA 1975), cert. discharged, 329 So.2d 299 (Fla. 1976).
Applying the rule to the instant case and noting the complete lack of any reservation of jurisdiction in the judgment of dissolution, we conclude that res judicata constitutes a complete defense to the claim of appellee embodied in the complaint on which the judgment on appeal is based.
The judgment of dissolution caused Section 689.15, Florida Statutes (1979) to operate, thereby transforming the tenancy by the entirety into a tenancy in common. Cribb v. Cribb, 261 So.2d 566 (Fla. 4th DCA 1972).
As to appellant's remaining points on appeal, we find that they are without merit. Appellant is not entitled to rental value for any period in any amount. Seesholts v. Beers, 270 So.2d 434 (Fla. 4th DCA 1972). In any event the point was neither litigated below nor preserved for appeal.
We therefore reverse the final judgment and remand with instructions to enter judgment in accordance with this opinion.
REVERSED AND REMANDED.
ANSTEAD and BERANEK, JJ., concur.
PER CURIAM.
The appellee's motion for rehearing is denied.
BERANEK and HERSEY, JJ., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, specially concurring:
I concur in the denial of the motion for rehearing and write only to note that although the appellee has presented a strong equitable argument for relief, this court was constrained to reject that position because of the existence of a decision of the Florida Supreme Court we perceived to be controlling and against the position of appellant. Cooper v. Cooper, 69 So.2d 881 (Fla. 1954). However, we also noted the direct conflict between our holding and the prior decision of the Third District Vandervoort v. Vandervoort, 277 So.2d 43 (Fla.3d DCA 1973). Contrary to an allegation set out in appellee's motion for rehearing we did not find the Vandervoort case to be an exception to the rule of Cooper, supra; rather, we found Vandervoort to be "contrary to the rule" and hence in conflict with our holding. Because of our express finding of conflict the appellee is free to seek review in the Supreme Court where her strong equitable arguments will be heard by a tribunal with greater authority than we to consider, or reconsider, the precedents that this court felt required the result announced.