405 So.2d 224 (1981)
Anne PUMO, Appellant,
v.
Benjamin PUMO, Jr., Appellee.
No. 80-2068.
District Court of Appeal of Florida, Third District.
October 13, 1981.
Rehearing Denied November 16, 1981.
Barrett & Rogers and William L. Rogers, Miami, for appellant.
A.J. Barranco, Jr., Steven Kellough, Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
In this appeal, Anne Pumo challenges a declaratory judgment which she contends invalidates a prior decision by another trial judge. She maintains that the declaratory *225 action was barred by the earlier decision of the trial court under the doctrine of res judicata. We agree and reverse.
After twenty-two years of marriage, the parties were divorced in 1970. Their Property Settlement Agreement contained the following provision:
5. Each of the parties hereto grants, releases and quit-claims unto the other party his or her heirs, personal representatives and assigns, all right, title or interest which he or she has or may have in and to the property and estate, real and personal of the other party, whether now existing or hereafter acquired, arising either during his or her lifetime or after, or by reason of his or her death, except as herein specified. Each of the parties hereto will, upon being requested by the other party, execute such other and further instruments as each may reasonably require in order to carry out this agreement, including releases of real and personal property now owned or hereafter acquired by the other party.
In 1977 Ben Pumo requested the court to compel Mrs. Pumo to convey to him her interest in certain commercial property. He argued that paragraph five of the Property Settlement Agreement required Anne Pumo to relinquish her interest in the commercial property they both owned. The trial court disagreed and denied the motion.
Subsequently, Mrs. Pumo sued for partition of the jointly held property and for an accounting. Mr. Pumo filed a separate declaratory action seeking reformation of the Property Settlement Agreement, claiming that the parties had intended by their Property Settlement Agreement to transfer Mrs. Pumo's interest in the disputed property to him.[1] Mr. Pumo had managed the rental property in which, as tenants by the entireties, the couple owned a half interest. Mr. Pumo eventually purchased the remaining half interest in his own name.
The meaning of paragraph five was disputed by the parties during the proceedings for declaratory relief. Mr. Pumo maintained that the intent behind the Agreement was to afford him control of business activities and to furnish Mrs. Pumo the marital home, child support, and alimony. In accordance with the agreement, he obtained a mortgage on the property as security for the payment of alimony. Mr. Pumo argued that his wife had not planned to retain any interest in the property in question; however, Mrs. Pumo asserted that under paragraph five she had relinquished only her interest in that portion of the property owned by her husband and not her interest in the portion she owned. The trial court decided in favor of Mr. Pumo, ruling that the Property Settlement Agreement was ambiguous and construing the Agreement to require Mrs. Pumo to relinquish her interest in the property. This appeal ensued.[2]
We disagree with the court's rulings. The Agreement indicates that the wife released only her interest in the property of the other party and not her interest in her property. The language of paragraph five is clear and unambiguous. See Sosnowitz v. Sosnowitz, 342 So.2d 524 (Fla. 3d DCA), cert. denied, 352 So.2d 174 (Fla. 1977). We need not delve into the question of the proper interpretation of the Agreement, however, because we find the court should not have entertained a declaratory action.
A final judgment of dissolution settles the property rights of the parties and bars any subsequent action to determine the question of property rights. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (Fla. 1948); Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981); Simon v. Simon, 293 So.2d 780 (Fla. 3d DCA 1974). The doctrine of res judicata precludes litigation of property rights which could have been litigated whether or not they were litigated in the divorce action, Cooper v. Cooper, 69 So.2d 881 (Fla. 1954); compare Vandervoort v. Vandervoort, 277 So.2d 43 (Fla. 3d DCA), cert. denied, 287 So.2d 682 (Fla. 1973) unless *226 the court reserves jurisdiction either to determine property rights after entry of the judgment of dissolution, Diejuste v. Davis, supra, or to enforce the final judgment. Finston v. Finston, supra.
In the case before us, however, Mr. Pumo filed a post-judgment Motion to Compel. The motion was not a pleading seeking to determine property rights: these had been decided in the dissolution proceeding. Instead, Mr. Pumo asked the court to interpret the existing agreement and to rule that by its terms, Mrs. Pumo conveyed her interest to him. It is the court's denial of this motion[3] which serves as a bar to relitigation of the meaning of paragraph five.
Under the doctrine of res judicata, a final judgment or decree on the merits by a court of competent jurisdiction constitutes an absolute bar to a subsequent suit on the same cause of action and is conclusive of all issues which were raised or could have been raised in the action. Wise v. Tucker, 399 So.2d 500 (Fla. 4th DCA 1981). To bring the doctrine into play, there must be (1) identity in the thing sued for, (2) identity of the causes of action, (3) identity of the persons and parties to the action, and (4) identity of the quality or capacity of the person for or against whom the claim is made. Rhyme v. Miami-Dade Water & Sewer Authority, 402 So.2d 54 (Fla. 3d DCA 1981); Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972); 19 Fla.Jur. Judgments and Decrees, § 111 (1958).
Appellee claims the causes of action lack identity because the later action sought reformation and a declaration of rights whereas the earlier proceeding sought enforcement. The law, however, requires only that the claims or causes of action be substantially the same; a request for different relief does not prevent the first proceeding from serving as a bar to a second action. Identity of causes of action is defined by similarity of the facts essential to the maintenance of both actions. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952); Smith v. Florida East Coast Railway Co., 151 So.2d 70 (Fla. 3d DCA 1963).
Our examination of the record reveals that the same evidence was presented in both proceedings. In the husband's second attempt to have the property agreement construed in his favor, the action for declaratory relief, he presented the same grounds upon which he relied in his Motion to Compel. In seeking to persuade the court that by paragraph five of the Property Settlement Agreement the wife intended to release all her interest in the disputed property, the husband brought the testimony, legal memoranda, and claims and defenses used in the previous action to the attention of the trial court. Gordon v. Gordon, supra. We conclude that the elements of res judicata have been satisfied and that identity of causes of action exists.
The issue has now been placed before the court on three occasions. "[P]arties should not be vexed more than once for the same cause." Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., supra at 865. We therefore hold that the doctrine of res judicata precluded reconsideration and barred the action for declaratory relief.
We reverse the declaratory judgment and remand for further proceedings to determine Anne Pumo's claim for partition and accounting.
NOTES
[1] The two cases were consolidated.
[2] A cross-appeal was filed but has been abandoned.
[3] Appellee's contention that the order cannot serve as a bar to subsequent action because it fails to state the grounds upon which the court relied lacks merit. The ruling emerges from the entire record. deCancino v. Eastern Airlines, 283 So.2d 97 (Fla. 1973).