GLICKSTEIN, Judge.
This is an appeal from a post-judgment order entered in 1984 in a dissolution action in which final judgment had been entered in 1980. We affirm in part; reverse in part.
In 1979, appellee husband filed a petition for dissolution in Broward County, alleging the parties’ marriage in 1939 and their termination of cohabitation in 1972. The record reflects appellee’s 1979 affidavit, stating appellant’s residence to have been New York, which fact is further evidenced by a letter from her to her Florida attorney wherein she refers to an existing “Separation Decree” and her intent to establish the fact that her husband was not a resident of Florida. The attorney to whom she wrote filed only a motion for extension of time in which to plead, alluding to the court’s lack of jurisdiction over the subject matter and the parties, then withdrew. Upon entry of default against appellant, final judgment was entered wherein the trial court said:
This Court shall retain jurisdiction of the parties and the subject matter of this action in order to enter any further order as it may deem appropriate and for such other relief as is necessary and warranted under the circumstances.
Four years later, apparently out of the blue, appellant filed a motion for permanent, periodic and lump sum alimony, alluding to a New York order entered prior to the final judgment in Florida, requiring appellee to pay maintenance of $400.00 per week. Appellee’s motion to dismiss was based on two grounds, both of which he argues here; namely, the trial court’s failure to reserve specifically the issue of ali *465 mony, and the invalidity of the reservation of jurisdiction in the final judgment. Ap-pellee’s motion to dismiss was granted by the trial judge who inherited the case from his predecessor. However, the trial judge’s order, granting the motion, relied upon only one ground; namely, his predecessor’s failure to specifically reserve jurisdiction to award alimony subsequent to entry of the final judgment.
In our decision, we rely upon two propositions. The first is from Claughton v. Claughton, 393 So.2d 1061, 1062 (Fla.1980):
Although we approve the granting of this final dissolution with a reservation of jurisdiction to subsequently determine property, custody, and support issues, we believe trial judges should avoid this split procedure. The general law and our procedural rules at both the trial and appellate levels are designed for one final judgment and one appeal. Splitting the process can cause multiple legal and procedural problems which result in delay and additional expense to the litigants. This split procedure should be used only when it is clearly necessary for the best interests of the parties or their children. The convenience of one of the parties for an early remarriage does not justify its use.
The second, consistent with the first, is that a self-executing final judgment in an action wherein no further judicial labor is required or contemplated, ends the litigation between the parties. It is truly a final judgment. S.L.T. Warehouse Company v. Webb, 304 So.2d 97 (Fla.1974); Mason v. Mason, 371 So.2d 226 (Fla. 3d DCA 1979).
Taking the two together, we conclude that the language of the final judgment here, reserving jurisdiction, was legally meaningless, as the only issues before the court were the residence of the petitioning husband and the irretrievable break in the marriage. Accordingly, it was correct for the successor trial,,judge to dismiss the post-judgment motion.
However, as Yogi Berra has observed: “It ain’t over till it’s over.” Applied to the present case, the successor trial judge was without authority to dismiss the motion with prejudice. If appellant wishes to initiate a new action for alimony, she is in the same position as anyone with counsel and the appropriate filing fee. We do not voice our opinion upon what she may allege in the new, independent proceeding and merely conclude that the trial court was without jurisdiction to consider, in the same action, a post-mortem motion after the death of the proceeding.[1] We therefore reverse that portion of the subject order which dismissed appellant’s motion with prejudice.
HERSEY and BARKETT, JJ., concur.

. For a discussion of res judicata in post-judgment proceedings between ex-spouses, see this court’s opinion in Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981). The Florida appellate courts have not had occasion to rule in cases whose facts closely parallel those we surmise exist here. Other jurisdictions vary on whether a separate maintenance order, issued in the wife’s domiciliary state, is extinguished by an ex parte marriage dissolution in a different state, the law of the domiciliary state appearing to control the result. We do not give legal advice; we are not about to give a disquisition on conflict of laws, and we do not know whether such an avenue presents itself to appellant. We note, nevertheless, that the Rhode Island Supreme Court dealt with a set of circumstances that may resemble those of appellant in Rymanowski v. Rymanowski, 105 R.I. 89, 249 A.2d 407 (1969).