DAUKSCH, Judge,
dissenting:
I respectfully dissent.
In my opinion the filing of a motion which was rendered moot and ineffective for any purpose by the filing of an amended counterclaim is not the assertion of a binding legal position.
Motions are not pleadings and do not establish any legal rights. Even an order granting or denying a particular motion would be ineffective, with nothing more, to permanently fix a legal right or relationship.
Herb, appellee filed a motion; it was never heard and was rendered completely moot by action of appellant.
The trial court was eminently correct in my opinion in ruling that the doctrine of res judicata barred the subsequent partition suit where equitable rights in the property could and should have been determined in the previous dissolution , action. See Cooper v. Cooper, 69 So.2d 881 (Fla.1954); Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981); Estabrook v. Wise, 348 So.2d 355 (Fla. 1st DCA), cert. denied, 354 So.2d 980 (Fla.1977), cert. denied, 435 U.S. 971, 98 S.Ct. 1612, 56 L.Ed.2d 63 (1978). Further, the court below was also correct in ruling that equitable estoppel was inapplicable. The position taken by appellee in the dissolution action was not successfully maintained because appellant abandoned his claim altogether by amending his counterclaim deleting his special equity claim. See 22 Fla.Jur.2d Estoppel and Waiver § 50 (1980); Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3d DCA), cert. denied, 378 So.2d 342 (Fla.1979). The judgment should therefore be affirmed.