PER CURIAM.
Petitioners seek review by certiorari of an order rendered by the trial court granting plaintiff’s (respondent’s) motion to strike paragraphs 8, 9 and 10 of petitioners-defendants amended answer. It appears that the petitioners here, in a prior suit between the same parties, requested the trial court to limit the then plaintiff’s cause of action to things transpiring within certain specified dates, which dates excluded the happenings which form the basis of this suit. Now these petitioners are asking the trial court to hold that the plaintiff split this cause of action and also that the things complained of were res adjudicata.
It appears that the conduct of the petitioners in the first suit prevented the issues from becoming res adjudicata by having the trial court prevent the plaintiff therein from prosecuting such issues.
*733 This cause has been orally argued before the court and the briefs and record have been read and given full consideration. Petitioners have failed to demonstrate that the trial court acted without and in excess of its jurisdiction or that the order does not conform to the essential requirements of law and may cause material injury throughout subsequent proceedings for which there is no full, adequate, and complete remedy by appeal after final judgment available to petitioners. Certiorari is accordingly denied. Boucher v. Pure Oil Company, 101 So.2d 408 (Fla.App.1957); Pullman Company v. Fleishel, 101 So.2d 188 (Fla.App.1958); Seaboard Air Line Railroad Company v. Timmons, 61 So.2d 426 (Fla.1952).
RAWLS, Acting C. J., and JOHNSON and SPECTOR, JJ., concur.