BOOTH, Judge.
This cause is before us on appeal from the order of the trial court dissolving the marriage of the parties and holding, in pertinent part, as follows:
That the parties hereto were married on July 27, 1964, and lived together as husband and wife until September, 1977, a period of approximately thirteen years. That no children have been born as a result of the marriage, and none are expected. That the wife is approximately 64 years of age, and the husband is approximately 52 years of age. That neither of the parties are in particularly good health, the wife being presently under the care of a physician, having suffered a radical mastectomy during the recent past and is apparently unable to perform manual labor and has no skill training.
That approximately two months prior to the marriage of the parties, the husband acquired an alcoholic beverage license and commenced the operation of a liquor store and bar in Nassau County, Florida. That the wife worked in said bar for the two month period prior to the marriage, and after the marriage for a period of approximately three years full time and for approximately ten years on a part time basis as a bartender, bookkeeper and waitress, etc. That the wife was paid approximately $300.00 per month for the two months preceding the marriage, but has received no salary for her employment in the bar since the marriage. That the husband has contributed to the bar cash contributions, and in addition to his previous regular employment at the Paper Mill, has himself worked in the bar, managing the same and serving as a bartender. The license is presently held in the joint names of the parties and has been so held for .approximately twelve years. In addition to the foregoing assets, the parties own as an estate by the entireties a home and adjacent lots, located at 2030 South Fletcher Avenue, Fernandina Beach, Florida, and the furniture and fixtures located therein. The parties also won or owned a 1977 Che-vette, a 1973 LTD and a Ford pick-up truck. The wife is presently using the 1977 Chevette, the other two vehicles being in the possession of the husband. From the financial affidavit and testimony of the parties, it appears that the wife is presently drawing Social Security benefits in the sum of $54.85 per week, and has no other income other than the husband’s payments of temporary support. The husband receives the income from the aforementioned bar operation in the approximate sum of $1,000.00 per month, according to his testimony.
Based upon the foregoing findings of facts, the Court finds:

The business known as “Beach Bar”, located at 120 Sadler Road, Fernandina Beach, Florida, including the alcoholic beverage license or licenses, fixtures and inventory, is declared to be an estate by the entireties and shall be the joint property of the parties. So long as the husband shall continue to operate said business and receive the profits therefrom, with the consent of the wife, the husband shall pay to the wife the sum of $250.00 per month, as and for alimony for the support of the wife.
In the event that the aforementioned bar business shall be sold, either of the parties shall have ‘the right to apply to this Court for a modification of the alimony provisions provided herein.
The sole question presented on appeal is whether the trial court erred in its ruling that the bar, including beverage license, fixtures and inventory, was the joint property of the parties. We have reviewed the record in the light of the recent decisions of the Florida Supreme Court in Canakaris v. Canakaris, 382 So.2d 1197, Case No. 54,124 (opinion filed January 31, 1980), and Duncan v. Duncan, 379 So.2d 949 (1980), as they pertain to the finding of special equity and the duty of the appellate court in reviewing *1188 the “discretionary ruling”[1] of the trial court in these matters. Here, the record supports the reasonableness and propriety of the trial court’s exercise of its discretion in ruling that appellee’s contributions established her special equity and joint ownership of the bar.

In reviewing a true discretionary act, the appellate court must fully recognize the superior vantage point of the trial judge and should apply the ‘reasonableness’ test to determine whether the trial judge abused his discretion. If reasonable men could differ as to the'propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
The trial court’s order allows the continued operation of the business as a source of income for husband, with payment of alimony of $250 per month to wife, and expressly reserves jurisdiction for modification of the alimony provisions in the event of sale of the business.
Accordingly, the judgment below is AFFIRMED.
ROBERT P. SMITH, Jr. and ERVIN, JJ., concur.

. Canakaris v. Canakaris, 382 So.2d 1197:
The judge possesses broad discretionary authority to do equity between the parties and has available various remedies to accomplish this purpose, including lump sum alimony, permanent periodic alimony, rehabilitative alimony, child support, a vested special equity in property, and an award of exclusive possession of property. As considered by the trial court, these remedies are interrelated; to the extent of their eventual use, the remedies are part of one overall scheme.