WIGGINTON, Judge.
This is an appeal from the final judgment of the trial court denying, inter alia, Holley’s complaint against Hayes for a corporate accounting. We reverse.
Holley and Hayes were married in September, 1971. At the time of the marriage, Hayes had criminal charges pending against him for failure to file and pay federal excise and income taxes. He also at that time possessed $85,000 in cash and a substantial amount of stock. According to his own testimony, Hayes was in such constant fear that the I.R.S. would seize his property that he went so far as to place the cash in milk cans and bury it in the ground at his residence.
Following the marriage, in December, 1971, Hayes and Holley formed a corporation for the ostensible purpose of purchasing and holding income producing properties. However, further testimony revealed that the underlying objective was to protect Hayes’ assets from ultimate seizure by the I.R.S. by placing them in Holley’s name. Accordingly, the articles of incorporation designated Holley to be a subscriber to 98% of the corporate stock, with Hayes and Holley’s daughter to be subscribers each of 1%. The articles further designated Hayes to serve as president, Holley as secretary, the daughter as treasurer, and all three to serve as directors of the corporation.
Holley managed the corporately owned rental properties during the 10-month period Hayes was serving his criminal sentence. Following Hayes’ return, he primarily assumed these duties.
No corporate stock certificates were issued until April 1,1978, when the marriage was showing signs of crumbling. On that date, Hayes, acting unilaterally and with questionable authority, issued to himself one hundred shares of stock. He subsequently “sold” 75% of those shares to his son. It was disputed at the hearing whether Holley, as a director, was given proper notice of the meeting.
In November, 1978, Holley petitioned for divorce. While the parties continued to reside together, a default and final judgment was entered dissolving the marriage, awarding possession and ownership of several properties and adjudging Holley to be owner of 98% of the stock of the corporation. Hayes did not answer the initial complaint, and, upon his receiving a copy of the final judgment, elected not to appeal or otherwise contest it.
In 1980, Holley filed a complaint against Hayes and the corporation for an accounting and for the liquidation of assets of the business. Final judgment was entered denying Holley both the right to an accounting against Hayes and to the liquidation of assets against the corporation. As to the corporation, the trial court found that it had not been a party to the divorce proceedings and was therefore not bound by that court’s judgment holding Holley to be the owner of 98% of the corporate stock. Consequently the court ruled that she was not a shareholder for purposes of statutory liquidation under section 607.274, Florida Statutes. Couture v. Couture, 307 So.2d 194 (Fla. 3d DCA 1975). However, that point is not before this court on appeal.
*922 Rather, Holley appeals that part of the final judgment holding that she was not entitled to an accounting against Hayes insofar as she was not a shareholder of the corporation. We agree with Holley’s position.
By virtue of the final judgment of dissolution of marriage, as between Holley and Hayes, Holley was adjudicated the owner of 98% of the stock of the corporation. Consequently, as between Holley and Hayes, that matter is res judicata for purposes of subsequent litigation. Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981).
Accordingly, Holley is entitled to demand an accounting from Hayes. This cause is therefore reversed and remanded to the trial court for appropriate proceedings in accordance with this opinion.
JOANOS and THOMPSON, JJ., concur.