SHAW, Judge.
This is an appeal from a dissolution order awarding the appellee a 45% special equity in contested property. Appellee cross appeals the denial of a one-half ownership interest in the property and the denial of lump sum alimony. We reverse and remand.
Eulus and Mildred Jones were first married in 1960 while residing in South Carolina. In September of 1964 they moved to Greenville, Florida, where Mildred purchased the Pine Lake Motel in her name, using approximately $6,000 of her personal assets. The motel was not a success and in 1968 Mildred obtained a loan from the Small Business Administration (SBA) for the purpose of opening a nursing home, using the North Florida Development Corporation as a vehicle for the procurement of the loan. Both Mildred and Eulus sold bonds to secure the matching funds required by SBA and the parties agree that in dealings with SBA, Mildred’s name was used because Eulus had a felony conviction and they feared that this would reduce the chances of obtaining a loan. Land was purchased and the Pine Lake Nursing Home was built. Title was put in the North Florida Development Corporation and Mildred was given a lease-purchase agreement. The nursing home opened on March 5,1969, with Mildred as the administrator. In 1970 the Joneses were divorced and a property settlement was incorporated into the final dissolution order. In 1971 the parties remarried and in 1973 Eulus replaced Mildred as the nursing home administrator at a salary of $375.00 per week, this change being occasioned by Mildred’s inability to pass the state examination for nursing home administrators.
In 1980 Eulus petitioned for a divorce seeking, among other things, an adjudication of his interest in the lease-purchase agreement or, in the alternative, periodic, rehabilitative or lump sum alimony. Over objection he was allowed to introduce witnesses and evidence relative to his role in the establishment of the nursing home during the first marriage. Mildred objected on the grounds that the first dissolution conclusively established all property rights of the parties acquired during that marriage. In the final judgment of dissolution of the second marriage, Eulus was awarded a 45% interest in the lease-purchase agreement as a special equity. The trial judge candidly admits that in awarding this special equity he considered contributions that Eulus made during the first marriage.
Mildred argues three points which can be consolidated for the purposes of this appeal, to wit: Does the doctrine of res judicata bar the relitigation of a property interest settled in the final dissolution of an earlier marriage? We find that the argument has merit. The term “special equity” was judicially created to avoid the harshness of the statutory rule that absolutely prohibited alimony for an adulterous wife and to describe a vested interest in property brought into the marriage or acquired during the marriage because of contribution of funds, property, or services over and above normal marital duties. The term should only be used when analyzing a vested property interest of a spouse. Duncan v. Duncan, 379 So.2d 949 (Fla.1980); Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In analyzing these interests in the present case, it is clear that Eulus did not bring into or acquire during the second marriage any vested property interest in the lease-purchase agreement by virtue of contribution of funds, property, or services over and above normal marital duties. Inasmuch as his administrative services were compensated for at the rate of $375.00 per week, we reject the notion that these services entitle him to a special equity in the lease. Any special equity Eulus might have acquired in the lease-purchase agreement during his first marriage to Mildred was subject to the property settlement incorporated into the *762 final dissolution of that marriage. He is now foreclosed from asserting such an interest at this late date based on contributions prior to or during the first marriage. Cooper v. Cooper, 69 So.2d 881 (Fla.1954); Finston v. Finston, 160 Fla. 935, 37 So.2d 423 (1948); Holley v. Hayes, 412 So.2d 920 (Fla. 1st DCA 1982); and Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981).
Even though the special equity award was incorrect as a matter of law, we recognize that the trial court has broad discretionary authority to consider any factor necessary to do.equity and justice between the parties and to ensure that neither party passes automatically from misfortune to prosperity or from prosperity to misfortune under the totality of circumstances. We recognize also that the various remedies available to the trial court are interrelated and that it would be inappropriate to reverse the special equity award without giving the trial court the opportunity to reconsider other remedies such as lump sum, periodic, or rehabilitative alimo,ny. Accordingly, we reverse and remand with directions that the trial court take such further testimony, if any, that it deems necessary in order to reconsider the apportionment of the marital assets. See Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980).
REVERSED and REMANDED for proceedings consistent with this opinion.
SHIVERS and WIGGINTON, JJ., concur.