SHARP, Judge.
This is an appeal from a final judgment which denied Wooten, the former husband, any equitable interest in Rhodus’, the former wife’s, one-half interest in real property they own as tenants in common. Wooten sued in 1982 to establish a constructive trust or an equitable interest, and sought partition. After a non-jury trial, the court denied Wooten any equitable interest greater than his one-half interest, on the grounds of res judicata. The parties had divorced in 1981, and no equitable rights in the property were mentioned in the judgment. We reverse because we think Rho-dús was estopped to assert res judicata as a defense.
The facts of this case are poignantly summarized by the trial court’s judgment:
In January of 1980 the parties met and began dating. They maintained seperate [sic] residences. Plaintiff lived in a house trailer. In May Defendant quit work and Plaintiff contributed to her support. The amount of contribution is in dispute, but is not relevant to a decision in this case.
Defendant did not want to live in Plaintiff’s home. He had lived there for 27 years with his first wife and Defendant apparently felt it was their home. De-' fendant suggested renting an apartment, but Plaintiff felt paying rent would be a waste of money. They discussed purchasing a new home. Defendant found one, located an attorney and the parties signed a contract to purchase. They closed on the purchase September 2nd, 1980. The parties acquired title as Kenneth G. Wooten and Nichola Rhodus. They signed the purchase money mortgage and note for $41,000 in the same manner. Plaintiff paid $25,500 in cash at closing. Defendant did not contribute any funds to the purchase.
Plaintiff testified that prior to purchasing the house the parties had discussed and agreed that Defendant would sell or lease her trailer and lot and purchase the furniture for the parties’ new home and Plaintiff would make the downpayment on the home. Defendant denies any such agreement. She testified she even wrote him a letter before the purchase of the new house and in the letter told him she wasn’t agreeable to purchasing the new furniture from a sale or lease of the mobile home.
After the closing, but before the parties’ marriage, Defendant informed Plaintiff she was not going to sell her property, but was going to devise it to her daughter. She did lease it for a few months. Plaintiff was upset and wanted Defendant to deed to Plaintiff her interest in the newly acquired home. He had a quit claim deed prepared, but Defendr *846 ant wanted $5,000 to sign the deed. No deed was signed.
The parties moved into the property on September 3rd. Plaintiff furnished the home for approximately $5,000.00.
Plaintiff contends Defendant’s conduct and attitude changed dramatically after the closing. Defendant would disappear for days and nights only to reappear with what Plaintiff obviously considered questionable explanations. Despite Defendant’s conduct Plaintiff was very much in love with her. After two or three trips to get married, each resulting in Defendant deciding against marriage, the parties were married March 18th, 1981.
The honeymoon was very brief. They argued about money, about Plaintiff’s 15 year old daughter and Plaintiff’s former girlfriend and other things. Eighty-nine (89) days after the marital ceremony Defendant moved out. Defendant made none of the mortgage payments, paid no cost of maintenance, taxes or insurance. All such payments were made by Plaintiff from his funds.
Defendant explains her conduct before and after the marriage as simply getting away from listening to him gripe about money.
On July 14, 1981, a petition for dissolution was filed in Duval County. In that suit, Wooten filed a counterclaim seeking to establish an equitable interest in Rho-dus’ one-half of the residence. They owned it as tenants in common and it was purchased shortly before their short-lived marriage.
Rhodus filed a motion to dismiss Wooten’s counterclaim on the ground that the court lacked jurisdiction over the residence because it was not “marital property,” acquired during the marriage. She asserted in her pleadings that the appropriate vehicle to determine his equitable claim would be in a later filed suit for partition and accounting, filed in St. Johns County, where the residence was located.
Apparently agreeing with Rhodus’ position, Wooten filed an amended counterclaim which omitted his equitable claim to the residence. The court did not, therefore, rule on Rhodus’ motion to dismiss. The final judgment states nothing about the parties’ respective interests in the residence.
This suit was filed less than one year later.[1] Immediately Wooten was confronted with Rhodus’ affirmative defense of res judicata. She takes the position in this case that rights of the parties as to properties owned before and after their marriage could and therefore should have been determined in the dissolution suit.
The trial court ruled that Rhodus was not estopped to raise the defense of res judicata, and that it barred Wooten from raising any equitable claim to Rhodus’ one-half interest in the residence. The court made no findings regarding the merits of Wooten’s equitable claims.
We agree with the trial judge that the dissolution court had jurisdiction and could have adjudicated Wooten’s equitable claims. The fact that the residence was acquired before marriage, or paid for in part before marriage, does not put it beyond the reach of the dissolution court for purposes of resolving the parties’ rights or equities in the property. Braddock v. Braddock, 405 So.2d 995 (Fla. 1st DCA), dismissed, 411 So.2d 380 (Fla.1981); Beugnet v. Beugnet, 383 So.2d 1186 (Fla. 1st DCA 1980).
By this we do not mean to imply that Ball v. Ball, 335 So.2d 5 (Fla.1976) should be applied to real property owned as tenants in common by parties prior to their marriage. The presumption in Ball is based on the theory that no present gift was intended, but only a survivorship interest in the non-contributing spouse. So far as we can ascertain, the presumptions in Ball have only been applied to tenancy by the entireties property, necessarily acquired during a marriage.
*847 However, a dissolution court is not limited to determining Ball kinds of special equities. Other kinds and varieties may be found in property not held as tenancy by the entireties. See e.g. Doing v. Riley, 176 F.2d 449 (5th Cir.1949); Williams v. Grogan, 100 So.2d 407 (Fla.1958); Poe v. Estate of Levy, 411 So.2d 253 (Fla. 4th DCA 1982); Roffe v. Roffe, 404 So.2d 1095 (Fla. 3rd DCA 1981).
It is clear that a former judgment bars a suit on the same cause of action between the same parties, whether or not the specific issues were actually litigated. If it could have been raised, the courts say it should have been, and that ends the matter. Dissolution judgments, like others, are given res judicata effect in later suits seeking to establish the former spouse’s interests in properties owned by them at the time of the dissolution. Jones v. Jones, 419 So.2d 760 (Fla. 1st DCA 1982); Pumo v. Pumo, 405 So.2d 224 (Fla. 3rd DCA), review denied, 412 So.2d 469 (Fla.1981); Sistrunk v. Sistrunk, 235 So.2d 53 (Fla. 4th DCA 1970). It applies whether a particular property right was actually litigated or not. Cooper v. Cooper, 69 So.2d 881 (Fla.1954); Diejuste v. Davis, 400 So.2d 981 (Fla. 4th DCA 1981); Estabrook v. Wise, 348 So.2d 355 (Fla. 1st DCA), cert. denied, 354 So.2d 980 (Fla.1977), cert. denied, 435 U.S. 971, 98 S.Ct. 1612, 56 L.Ed.2d 63 (1978).
However, it is also well-established that a party will not be allowed to assert and assume inconsistent positions in successive lawsuits, where to do so prejudices the other party, and where it is manifestly unjust to allow the change of position to prevail. 22 Fla.Jur.2d Estoppel and Waiver, § 48 (1980). We think the record as described and found by the trial court in this ease, presents a classic situation for estoppel to plead res judicata:
(1) Clearly, Rhodus is asserting in this case a position inconsistent with the one she took in the dissolution litigation. There, she claimed the court lacked jurisdiction to determine Wooten’s equitable claim. She said he should pursue it in a later partition suit. Now in the partition suit, she asserts Wooten should have established his equitable interest in the dissolution suit after all. It’s the old “shell game,” played by the craftier upon the less crafty, but it ill-becomes the player nonetheless.
(2) Wooten is clearly prejudiced and damaged by Rhodus’ changed position, since if res judiciata prevails, he has lost his day in court.
Nor do we think it was essential for the record to establish that Wooten acted in dropping his counterclaim in reliance on Rhodus’ motion to dismiss; or that Rhodus’ motion culminated in a ruling by the dissolution court.[2] Wooten’s simple acquiescence in Rhodus’ position asserted in her motion to dismiss was sufficient.[3] Equitable estoppel based on taking inconsistent positions in court does not require strict proofs of reliance on another’s act or statement, in contrast to traditional estop-pel in pais. 28 Am.Jur.2d Estoppel and Waiver, § 69 (1966).
The essence of this kind of estoppel is a party’s assertion of contrary positions in court, where such later assertion will result in damage or injury to the other party. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337 (Fla. 3rd DCA), cert. denied, 378 So.2d 342 (Fla.1979).
A party will not be permitted to allege that a proceeding is void for one purpose, as being in excess of the jurisdiction of the court, and valid for another.
28 Am.Jur.2d Estoppel and Waiver, § 73 (1966). This is particularly just when the first position asserted prevailed and controlled in the earlier litigation. See Grauer v. Occidental Life Insurance Co., 363 So.2d 583 (Fla. 1st DCA 1978), cert. denied, 372 So.2d 468 (Fla.1979); Duval County *848 Hospital Authority v. Williams, 219 So.2d 732 (Fla. 1st DCA 1969).
In such a case, a party is not permitted to assert in the answer or other pleadings a position contrary to the one taken in the earlier suit. 22 Fla.Jur.2d Estoppel and Waiver, § 52 (1980). Rhodus claimed in the first suit the dissolution court should not determine Wooten’s equitable claim, but it should be resolved in a later partition suit. It would now be manifestly unjust to allow her to claim res judicata in the partition suit — on the ground the dissolution court should have heard the matter. Robertson v. Robertson, 61 So.2d 499 (Fla.1952); See Orr v. John Couture, Inc., 345 So.2d 394 (Fla. 3rd DCA 1977), cert. denied, 355 So.2d 515 (Fla.1978).
Accordingly, we reverse the final judgment and remand this cause to the trial court for determination of Wooten’s equitable claim, on the merits. The trial court may rely upon the evidence heard at the non-jury trial, or in its discretion it may allow additional testimony.
REVERSED AND REMANDED.
COWART, J., concurs.
DAUKSCH, J., dissents with opinion.

. It was filed erroneously in Duval County, and was transferred to St. Johns County.

. See Mariness v. Sirilo, 310 So.2d 760 (Fla. 2d DCA 1974).

. 22 Fla.Jur.2d Estoppel and Waiver, § 49 (1980).