SMITH, Chief Judge.
Appellant (wife) seeks to overturn a final judgment of dissolution of marriage on the ground that the trial judge abused his discretion in denying her request for alimony and attorney’s fees and in making an inadequate child support award. Although the awards received by the wife were not generous, we cannot say, based on this record, that no reasonable man would take the view adopted by the trial judge. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
Appellant also asserts that the trial judge erred in determining that she did not have a special equity in her husband’s business. We disagree and affirm. The husband has a construction business which was created about one year before the parties separated. During this time, he sold about five houses. The wife provided some secretarial and bookkeeping services for the business. However, we do not consider that efforts of such brief duration and limited extent necessarily fall outside the range of normal marital duties. See Duncan v. Duncan, 379 So.2d 949 (Fla.1980) (husband’s efforts in constructing improvements on out-of-state property did not entitle him to a special equity in the property); Holley v. Holley, 380 So.2d 1098 (Fla. 2nd DCA 1980) (wife’s efforts in assisting her husband in an unsuccessful statewide judicial campaign, working as a secretary for him for a time, and assisting him when he authored a law book did not entitle her to a special equity in her husband’s law practice). Compare the following cases where the wife’s contributions established her special equity in the husband’s business: Beugnet v. Beugnet, 383 So.2d 1186 (Fla. 1st DCA 1980) (wife worked in husband’s bar without pay full-time for three years and part-time for ten years as a bartender, waitress, bookkeeper, etc.); Neff v. Neff, 386 So.2d 318 (Fla. 2nd DCA 1980) (wife devoted as much as 16-18 hours per day, seven days a week, for many years to help her husband develop the business, while simultaneously tending the home, raising three children, and discharging the social and civil obligations of the family); Johnson v. Johnson, 454 So.2d 797 (Fla. 4th DCA 1984) (wife worked part-time as bookkeeper for ten years without salary for corporation in which husband owned 49% of the stock).
AFFIRMED.
NIMMONS, J., concurs.
WENTWORTH, J., dissents.