673 So.2d 920 (1996)
STATE of Florida DEPARTMENT OF REVENUE and Marilyn Huffman a/k/a Marilyn Deucore, Appellants,
v.
Russell FERGUSON, Appellee.
No. 94-04395.
District Court of Appeal of Florida, Second District.
May 15, 1996.
*921 Amanda Traweek of Carlton & Carlton, P.A., Lakeland, for Appellants.
No appearance for Appellee.
FULMER, Judge.
The State of Florida Department of Revenue[1] and Marilyn Huffman a/k/a Marilyn Deucore ("mother") appeal the denial of a petition to enforce a foreign support order (hereinafter referred to as the "Ohio order") that established an arrearage in the amount of $27,369.39. The mother challenges the trial court's ruling that the doctrines of res judicata and collateral estoppel bar enforcement of the Ohio order. We hold neither doctrine bars enforcement of the Ohio order and, therefore, we reverse.
In 1987, the mother filed a petition pursuant to the Revised Uniform Reciprocal Enforcement of Support Act ("URESA")[2] seeking enforcement of the child support provisions of her Ohio divorce decree. She requested that the father, Russell Ferguson, be ordered to pay ongoing support as well as some amount toward an arrearage alleged to be $19,565 as of March 31, 1987. In response, the father filed an affidavit in which he agreed to pay $48.00 per week child support with arrearages to be determined at a later date. On February 26, 1988, the trial court entered an order which directed the father to pay $48.00 per week for child support and reserved jurisdiction over "any and all arrears due and owing, if any." Presumably, the father paid ongoing support in accordance with this URESA order.
On September 11, 1991, the mother filed a form motion in the URESA case entitled "MOTION TO ABATE/DISMISS AND NOTICE OF HEARING." The form set forth, in multiple choice format, six possible grounds for abating or dismissing the action. An "X" mark was placed beside the provision that stated: "The child(ren) is/are emancipated and no arrears exist." The notice of hearing provision on the form reflected a hearing date of September 4, 1991. The record contains no transcript of that proceeding. The trial court ruled on the motion by entering a form "ORDER OF ABATEMENT" which contained no findings of fact and provided only that "[t]his cause of action be abated." At the time this order was entered, no court had ever addressed the arrearages that the mother alleged accrued prior to the initiation of the Florida URESA action.
*922 On June 18, 1993, an Ohio court addressed the issue of arrearages and entered an order which provided, in pertinent part:
It is further ordered that a wage withholding order is to be instituted by Florida Interstate wage withholding order process. The arrears are determined to be $27369.39 as of 3-31-93, including last pay on 7-16-91. There is no money in escrow.
On November 8, 1993, the mother duly registered this order pursuant to sections 88.331-88.371, Florida Statutes (1993). Proper notice was provided to the father who, thereafter, made no challenge to the registration. On April 13, 1994, the mother petitioned for enforcement of the Ohio order. After conducting a hearing on October 11, 1994, a child support hearing officer recommended that the petition for enforcement be denied based on the following findings of fact:
Pinellas County URESA action (Case #XX-XXXXX-XX) was dismissed 9/10/91 on Petitioner's motion which alleged "no arrears exist."
This new action seeks arrears only.
Since the original URESA order of 2/24/88 reserved jurisdiction over arrears, and since that action was dismissed with the affirmative representation that no arrears existed, the undersigned finds that the present request to collect alleged arrears is barred by res judicata/collateral estoppel.
By order dated October 18, 1994, the trial court approved, ratified, confirmed and adopted the findings and recommendations of the hearing officer, thereby denying the mother's petition to enforce the Ohio order.
The general principle behind the doctrine of res judicata is that a final judgment is absolute and puts to rest every justiciable, as well as every actually litigated, issue. The purpose of the doctrine is to prevent relitigation of matters and to produce certainty as to individual rights. Four conditions must be met: identity of the thing sued for; identity of the cause of action; identity of parties; and identity of the quality in the person for or against whom the claim is made. See Albrecht v. State, 444 So.2d 8 (Fla.1984), superseded by statute on other grounds as stated in Bowen v. Florida Dep't of Environmental Regulation, 448 So.2d 566 (Fla. 2d DCA 1984). The doctrine of collateral estoppel prevents identical parties from relitigating issues that have previously been decided between them. If the issue in dispute has not been fully litigated, the doctrine is inapplicable. See Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla.1977).
We hold that neither res judicata nor collateral estoppel bars enforcement of the Ohio order. The September 10, 1991, order of abatement simply put an end to the Florida URESA action. It does not constitute a final judgment or a decision on the issue of arrearages. While there is no record of the September 4, 1991, hearing on the motion to abate/dismiss, neither party claims that the issue of arrears was actually presented or considered. A logical conclusion is that since the form motion was directed to the Florida URESA case which addressed only ongoing support, the phrase "no arrears exist" likewise referred only to any arrears accruing under this URESA order. Apparently no arrears for ongoing support accrued. Furthermore, during the October 11, 1994, hearing conducted by the hearing officer, the father acknowledged that he had never paid the arrearages that accrued prior to the time the Florida URESA action was initiated. Thus, it is clear that the first and only judicial determination of arrearages was the 1993 order that was entered by the Ohio court with notice to but without challenge from the father and that was subsequently registered in Florida with notice to but without challenge from the father.
Because the trial court erred in applying the doctrines of res judicata or collateral estoppel to an order of abatement, we reverse and remand for further proceedings on the mother's petition to enforce the Ohio order.
Reversed and remanded for further proceedings.
FRANK, A.C.J., and PARKER, J., concur.
NOTES
[1] Section 20.21, Florida Statutes (Supp.1994), directs the Department of Revenue to administer the child support enforcement program established by Title IV-D of the Social Security Act, 42 U.S.C. §§ 651 et seq. (1989). See also § 409.2557, Fla.Stat. (Supp.1994).
[2] Chapter 88, Florida Statutes (1993).