NORTHCUTT, Judge.
The defendants in this suit obtained a summary judgment on the ground that the action was barred under the doctrines of collateral estoppel and res judicata. We conclude that neither doctrine applies to the ease. For that reason, and because the record discloses genuine issues of material fact, we reverse and remand for further proceedings.
This litigation involves the efforts of Surf Colony Dock Association, Inc., to quiet title to -a parcel of land and adjacent easements. The land is under water and is the site of a number of boat docks. The docks are surrounded by a promenade deck constructed in an area subject to easements for that purpose. Surf Colony’s opponents are the owners’ associations in a number of condominiums situated around the site.
. In a 1986 suit brought by the same associations, Surf Colony counterclaimed to quiet title to the same underwater land and easements. During the non-jury trial of that case, Surf Colony moved to amend its allegations concerning the chain of title to the underwater land, and to introduce a deed it had just acquired from Mayflower Realty (the “Mayflower deed”). The associations objected, and the trial court refused to permit the amendment or the introduction of the Mayflower deed. At the conclusion of the trial the court denied the counterclaim, finding that Surf Colony’s' claim to title was based on a wild deed.
After its unsuccessful appeal of the 1986 ruling, Surf Colony filed this quiet title action against the associations. This time, its alleged chain of title included the Mayflower deed in addition to all the sources of title it had alleged in the 1986 counterclaim. The associations moved for summary judgment, contending the action was barred by collateral estoppel and res judicata. They asked the court to take judicial notice of all matters filed in the 1986 case, at both the trial and the appellate level.
At the hearing on the associations’ motion, the parties and the court agreed that the sole issue was whether the Mayflower deed could be the subject of this cause of action: The associations submitted a binder of documents,- consisting of the complaint in this case, the counterclaim in the 1986 case, the final judgment in the 1986 case, various documents from Surf Colony’s appeal of that judgment, and a portion of the trial transcript in the 1986 case.[1] In opposition to the motion, Surf Colony submitted the affidavit of its president, who averred that Surf Colony’s allegations of title were different in this case than in the 1986 case, and were based on the Mayflower deed, the validity and effect of which had not been decided in the previous case. After a hearing, the circuit court entered summary judgment in the associations’ favor.
Neither the doctrine of collateral estoppel nor the doctrine of res judicata apply here. First, collateral estoppel may be invoked only when the parties and issues in the two suits are identical, and the matter has been fully litigated in the first action. See Porter v. Saddlebrook Resorts, Inc., 679 So.2d 1212, 1215 (Fla. 2d DCA 1996). The portion of the 1986 trial transcript submitted by the associations establishes that the effect of the Mayflower deed was not decided in that litigation. The associations objected to Surf Colony’s motion to amend.its pleadings to include the Mayflower deed, and the court specifically refused to admit the deed into evidence. Consequently, this issue was not fully litigated.
Second, the doctrine of res judicata requires that the two actions share an identity of the thing sued for and an identity of the cause of action. See State Dept. of Revenue v. Ferguson, 673 So.2d 920, 922 (Fla. 2d DCA 1996). Here, Surf Colony’s 1986 counterclaim asserted a cause of action founded on a chain of title that did not include the Mayflower deed. Its later suit asserted a cause of action founded on a chain of title that *306 differed from the prior one because it indud-ed the Mayflower deed.
Third, equity prevents the associations from relying on res judicata in this situation. Their own objections prevented a determination of the effect of the Mayflower deed in the earlier litigation. To now permit the associations to assert res judicata would place Surf Colony in the untenable position of never being able to obtain a ruling on claims based on that deed. See Acadia Partners, L.P. v. Tompkins, 673 So.2d 487, 489-490 n. 1 (Fla. 5th DCA), review denied, 678 So.2d 340 (Fla.1996); Duval County Hospital Authority of Duval County v. Williams, 219 So.2d 732 (Fla. 1st DCA 1969).
We reverse the summary judgment and remand for further proceedings.
ALTENBERND, A.C.J., and WHATLEY, J., concur.

. In its first point on appeal, Surf Colony argues that we should reverse the summary judgment because the associations did not provide the circuit court with certified copies of the documents from the 1986 case. Surf Colony is correct. See Carson v. Gibson, 595 So.2d 175 (Fla. 2d DCA 1992). We need not address this point in detail, however, because we hold that the circuit court erred in granting summary judgment on the merits.