[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15040
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2012
JOHN LEY
CLERK

D.C. Docket Nos. 8:10-cv-02216-VMC ; 8:08-bk-04348-MGW

In Re: Michael Davis,

                                        Debtor.

_____

STATE OF FLORIDA, DEPARTMENT OF REVENUE,
Child Support Enforcement,

                                        Plaintiff - Appellee,

                        versus

MICHAEL DAVIS,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 6, 2012)

Before HULL, MARTIN and JORDAN, Circuit Judges.

PER CURIAM:

Michael Davis appeals the district court's reversal of an order entered by the bankruptcy court. The bankruptcy court had enjoined the Florida Department of Revenue from attempting to collect from Mr. Davis past due child support that had been disallowed in the bankruptcy proceeding. The district court reversed the bankruptcy court, holding that, in light of this court's intervening decision in *In re Diaz*, 647 F.3d 1073 (11th Cir. 2011), the Department of Revenue could not be barred from pursuing post-confirmation collection of Mr. Davis' non-dischargeable child support obligations. Mr. Davis contends that *In re Diaz* does not control, and maintains that the issue of liability for the child support obligation has been decided by the bankruptcy court. Any further enforcement, he says, is precluded by collateral estoppel and res judicata. We disagree, and concur with the district court that *In re Diaz* is dispositive.

**I**

Mr. Davis and Maryanne Davis were divorced in Illinois in February of 1997. Pursuant to the terms of the divorce, Mr. Davis was obligated to make child support payments to Ms. Davis. In October of 2003, the Illinois court transferred venue of the

2

divorce case, along with the obligation to pay child support, to Florida. As a result, the Florida Department of Revenue became the agency responsible for recovery of any unpaid child support.

On March 17, 2008, an involuntary Chapter 11 bankruptcy case was filed against Mr. Davis in the Middle District of Florida. The bankruptcy court established September 29, 2008, as the claims bar date. Section 6.2 of the bankruptcy plan provided that the failure to submit a claim by the claims bar date would constitute an adjudication, on the merits, of the debtor's liability.

Both Ms. Davis and the Department of Revenue were notified of the bankruptcy proceeding and the deadline for filing claims. Even though she did not sign the petition, Ms. Davis was initially listed as a petitioning creditor, and therefore received notice of all documents filed in the case. In his bankruptcy schedules and statement of financial affairs, Mr. Davis listed the Department as creditor for a disputed claim in the amount of $180,000.00 for child support.

Mr. Davis filed his Chapter 11 plan on October 3, 2008, and submitted an amended Chapter 11 plan on March 24, 2009. The bankruptcy court confirmed the plan and issued a discharge on May 20, 2009. Neither Ms. Davis nor the Department participated in the bankruptcy case or filed proofs of claim with the bankruptcy court prior to the claims bar date or the confirmation of the plan.

On June 1, 2009, after the plan was confirmed, the Department filed a proof of claim in the bankruptcy court against Mr. Davis in the amount of $180,000.00 for past due child support payments.[1] Mr. Davis objected to the claim. After briefing by the parties and oral argument, the bankruptcy court disallowed the claim under the confirmed plan as untimely and concluded that Mr. Davis had no liability for the claim.

Despite the bankruptcy court's ruling, the Department again attempted to collect Mr. Davis' past due child support, this time in state court. Mr. Davis filed a motion for injunctive relief with the bankruptcy court, seeking to enjoin the Department from enforcing the child support obligations in light of the bankruptcy court's ruling that he had no liability.

After again having the parties brief the issues and hearing oral argument, the bankruptcy court determined that, even though child support obligations were non-dischargeable under the Bankruptcy Code, its prior determination that Mr. Davis had no liability for the past due child support was "res judicata as to any other court." The bankruptcy court determined that it was a violation of the confirmation order and the discharge injunction for the Department to enforce the debt and essentially relitigate

---

[1]      It appears that the Department filed the proof of claim because, when it attempted to collect on past due support obligations after the bankruptcy, Mr. Davis asserted that the Department's actions were improper. *See* Bankruptcy Court Record, D.E. 317, at 17:10-14.

the issue of liability for the debt. The bankruptcy court therefore enjoined the Department from seeking to recover the child support obligations in any future action.

The Department appealed the bankruptcy court's order to the district court. While that appeal was pending, we issued our decision in *In re Diaz*, 647 F.3d 1073 (11th Cir. 2011). In light of *In re Diaz*, the district court reversed the decision of the bankruptcy court. Mr. Davis filed this appeal.

## II

We review the legal determinations made by either the bankruptcy court or the district court *de novo*. *See In re Club Assoc.*, 956 F.2d 1065, 1069 (11th Cir. 1992). The bankruptcy court's factual determinations are subject to review under the clearly erroneous standard. *See In re Thomas*, 883 F.2d 991, 994 (11th Cir. 1989). The issues raised in this appeal are largely of a legal nature.

## III

Mr. Davis argues that the district court's decision should be reversed, and that the bankruptcy court's decision enjoining the Department from pursuing any past due child support obligations should be reinstated. In his view, the bankruptcy court correctly ruled that res judicata and collateral estoppel barred the Department from relitigating the issue of his liability for past due child support because the bankruptcy

5

court had already decided that he had no liability for the child support obligations that accrued prior to the petition date.

The Department, in turn, contends that the district court correctly followed this court's precedent by applying *In re Diaz* and holding that collateral estoppel and res judicata cannot bar its post-bankruptcy collection of non-dischargeable child support obligations.

For the reasons which follow, we affirm the district court's order. The holding and rationale of *In re Diaz*, we conclude, apply squarely here.

In *In re Diaz*, the bankruptcy court found that the debtor was liable for the principal on a child support obligation but disallowed the pre-petition interest that was owed. *See In re Diaz*, 647 F.3d at 1080. When, post-bankruptcy, the Department of Revenue sought to recover the disallowed pre-petition interest and accrued post-petition interest, the bankruptcy court held the Department in contempt for violating the discharge injunction and numerous other orders, including the order confirming the bankruptcy plan. *Id.* at 1081–82. The district court affirmed the bankruptcy court's judgment, reasoning that, even though a child support obligation could not be discharged in bankruptcy, res judicata and collateral estoppel barred the Department from relitigating the debtor's liability for the interest on the child support obligation. We reversed the district court's decision. We held that, because domestic support

obligations cannot be discharged in bankruptcy and because the discharge injunction only applied to dischargeable debts, it was not a violation of the bankruptcy court's discharge injunction for the Department to pursue a debt owed for a child support obligation in state court after the bankruptcy plan was confirmed. *Id.* at 1090. We also held that "res judicata and collateral estoppel do not preclude [the Department] from arguing the extent of [the debtor's] personal liability for child support post-bankruptcy" because "[t]he code . . . makes clear that a . . . discharge does not fix child support liabilities made non-dischargeable under 11 U.S.C. § 523." *Id.* at 1092. To rule otherwise, we noted, would allow the bankruptcy court to effectively modify a state child-support order, embroiling the bankruptcy court in state domestic relations. *See id*. at 1092 n.16.

*In re Diaz* applies with equal force here. In the context of non-dischargeable obligations, the bankruptcy court's decision as to "liability" for a debt is really only a decision about whether the non-dischargeable debt will be paid by the bankruptcy estate as part of the bankruptcy plan. *See id.* at 1091 ("[T]he only issue before the bankruptcy court . . . was the amount of child support debt that would be paid *by the bankruptcy estate* through [the] . . . plan, not the total amount of the child-support debt.") (emphasis in original). The bankruptcy court's decision, therefore, can only

preclude the Department or other domestic support creditors from relitigating whether a non-dischargeable obligation should be paid as part of the plan.

There is a minor difference between the Department's posture in *In re Diaz* and its posture in this case. Here the bankruptcy court did not actually decide whether Mr. Davis in fact had a pre-existing child support obligation or the amount of the obligation. The bankruptcy court simply determined that, regardless of whether any amount was owed, Mr. Davis was not liable for the obligation because no timely claim had been filed. The scope of the bankruptcy court's review of the issue of liability for non-dischargeable obligations is limited to liability in the context of a bankruptcy plan. *See In re Bell*, 236 B.R. 426, 429 (N.D. Ala. 1999). As such, the bankruptcy court may disallow a claim during the proceeding, but neither the discharge injunction nor principles of preclusion bar the Department or another child support creditor from pursuing the debt post-bankruptcy.

Mr. Davis argues that *In re Diaz* can be distinguished in two ways. First, *In re Diaz* involved a proceeding under Chapter 13, while this case involved a discharge under Chapter 11. Second, *In re Diaz* concerned a violation of a discharge injunction, while here the violation of the discharge injunction was completely irrelevant to the ruling because the bankruptcy court's decision was based on violation of Section 6.2 the confirmed bankruptcy plan. Neither of these arguments is persuasive.

8

As an initial matter, we see no reason to apply a different rule to Chapter 11 cases than we do to Chapter 13 cases. Both Chapter 11 and Chapter 13 prohibit the discharge of domestic support obligations, *see* 11 U.S.C. § 523, and our decision in *In re Diaz* did not hinge on any procedural difference between Chapter 11 and Chapter 13. The issue before the *In re Diaz* panel, as here, was whether the bankruptcy court's decision as to liability on a non-dischargeable child support debt can preclude a creditor from pursuing any unpaid amount of that claim post-bankruptcy.

Nor do we find persuasive the argument that this case is different from *In re Diaz* because the supplemental injunction was issued due to a violation of the plan. Even if Mr. Davis had always asserted that the Department's actions constituted a violation of the plan, and not of the discharge injunction, the ultimate legal issue before us would be the same, because the bankruptcy court based its ruling on its determination that the Department was precluded from enforcing the child support obligation due to collateral estoppel and res judicata.

**IV**

*In re Diaz* controls, and therefore collateral estoppel and res judicata do not preclude the Department from pursuing, post-bankruptcy, a claim for non-

dischargeable child support obligations.[2]  We therefore affirm the decision of the district court.

**AFFIRMED.**

---

[2]     As we did in *In re Diaz*, 647 F.3d at 1093, we again caution that our holding should not be read as a determination as to how much child support (if any) Mr. Davis owes.  Mr. Davis is free to dispute the amount of the claim for child support in a state court with jurisdiction.  *See In re Harell*, 754 F.2d 902, 907 n. 9 (11th Cir. 1985).