NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

DEPARTMENT OF REVENUE, o/b/o,       )
MARYANNE DAVIS,                      )
                                    )
              Appellant,             )
                                    )
v.                                   )   Case No.  2D13-5325
                                    )
MICHAEL DAVIS,                       )
                                    )
              Appellee.              )
_____     )

Opinion filed July 15, 2015.

Appeal from the Circuit Court for Pinellas
County; Walt Logan, Judge.

Pamela Jo Bondi, Attorney General, William
H. Branch, Assistant Attorney General; and
Frederick F. Rudzik, Chief Assistant
General Counsel, State of Florida
Department of Revenue, Tallahassee,
for Appellant.

Michael C. Markham of Johnson, Pope,
Bokor, Ruppel & Burns, LLP, Tampa, for
Appellee.


SLEET, Judge.

        The Department of Revenue appeals the order denying its motion to

reestablish child support arrearage and arrearage payment.  Because there was never

a hearing on the amount of the support arrearage, if any, currently owed by the former husband, Michael Davis, we reverse.

This case arises from an Illinois support order requiring the former husband to pay $4000 in child support every month. The Department filed a motion to register the Illinois support order in Florida pursuant to the Uniform Interstate Family Support Act (UIFSA) in 2008. See § 88.6021, Fla. Stat. (2008). The former husband timely filed a notice of contest and requested a hearing to challenge the validity of the support arrearage; however, no hearing was ever held. See § 88.6061. Shortly thereafter, the former husband filed a petition to modify child support and requested the court modify his support obligation back to 2002. The court asked for briefing on that specific issue and rendered an order on jurisdiction, which held that the court did not have jurisdiction to modify the support obligation before the 2008 registration. In 2010, the court ultimately granted modification from the date of registration.

While the parties pursued the modification proceedings, the Department filed several motions requesting that the circuit court establish the amount of child support arrearage. However, the former husband was also involved in an involuntary Chapter 11 bankruptcy proceeding, and an injunction from the bankruptcy court precluded the Department from pursuing the past due arrearages in state court. When the Department filed a motion to enforce, the former husband filed a motion for sanctions for violation of the injunction, thus delaying any adjudication of the arrearage. This injunction was later reversed on appeal by the Middle District, whose decision was affirmed by the Eleventh Circuit. See In re Davis, 481 Fed. Appx. 492, 492 (11th Cir. 2012). After the injunction was lifted, the Department again sought recovery of the

support arrearage that accrued prior to the 2008 Florida registration in the circuit court. The court denied the motion, holding that its earlier order determining that it could not modify the support order prior to its Florida registration and the order in which it granted modification were res judicata and precluded the Department's recovery of the preregistration arrearage. We disagree.

On appeal, the Department argues that the circuit court erred in denying its motion based on res judicata and contends that it is entitled to pursue the former husband's support arrearage incurred prior to the 2008 registration while the Illinois support order was in effect. The Department asserts that the circuit court was correct on its jurisdictional ruling on modification and that it could only modify child support prospectively but that the court had jurisdiction to adjudicate the arrearage because the Illinois order became enforceable in the same manner as a Florida order once it was registered under UIFSA. We agree.

Section 88.6061(3) requires that the "registering tribunal shall schedule the matter for hearing" after the nonregistering party contests the registered order. § 88.6061(3) (emphasis added). Although the record reflects that the former husband contested the Department's arrearage total as stated in its motion for registration of the Illinois support order, a hearing was never held. As there was never a hearing on the amount of the support arrearage, if any, currently owed by the former husband, the circuit court erred when it denied the Department's motion on the basis of res judicata. See State Dep't of Revenue v. Ferguson, 673 So. 2d 920, 922 (Fla. 2d DCA 1996) (explaining that "[t]he purpose of the doctrine [of res judicata] is to prevent relitigation of matters and to produce certainty as to individual rights"); State St. Bank & Trust Co. v.

- 3 -

Badra, 765 So. 2d 251, 254 (Fla. 4th DCA 2000) ("A judgment rendered on any grounds which do not involve the merits of the action may not be used as the basis for the operation of the doctrine of res judicata."). The parties have consistently disputed the amount of the arrearage since the former husband filed his objection to the notice of domestication of foreign support order. Thus, a hearing is required to establish the amount of the pre-registration arrearage and resolve the dispute between the parties. See Frazier v. Frazier, 616 So. 2d 575, 580 (Fla. 2d DCA 1993) (holding that "due process requires . . . an evidentiary hearing on the disputed factual issues relating to the amount of unpaid alimony and child support" in an action to register a foreign judgment under the Revised Uniform Reciprocal Enforcement of Support Act); see also Dep't of Revenue ex rel. Brown v. Steinle, 837 So. 2d 1072, 1074 (Fla. 2d DCA 2003) (applying Frazier to the UIFSA and holding that an evidentiary hearing was required to resolve the disputed total arrearage in the registered order).

It appears from the record on appeal that the bankruptcy court's injunction was the only reason that modification of the support order was resolved without determination of the arrearage. Once that injunction was lifted, the Department again pursued entry of an order establishing an arrearage. Neither the final judgment on the petition for modification of temporary order of child support or the order regarding the circuit court's jurisdiction constituted a final judgment as to the former husband's support arrearage that accrued prior to registration of the order of dissolution. See Ferguson, 673 So. 2d at 922.

The circuit court also held that the "arrears were in the nature of a compulsory counterclaim" and that they "should have been litigated at the time the

modification action was heard." The record reflects that the Department sought entry of an order establishing the former husband's arrearage and gave notice of the total arrearage at the time it filed the motion to register the Illinois support order. Therefore, there was no duty for the Department to file a compulsory counterclaim under Florida Rule of Civil Procedure 1.170 during the former husband's modification proceedings.

Accordingly we reverse and remand for a hearing to determine the amount of arrearage in accordance with section 88.6061.

Reversed and remanded with instructions.

VILLANTI, C.J., and MORRIS, J., Concur.